**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUNG K. SOE, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>AKAZOO S.A., AND APOSTOLOS N. ZERVOS,<br><br>       Defendants. | **CASE No.: 1:20-cv-01900-BMC**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AKAZOO INVESTOR GROUP TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |
| TIM CALDWELL and SHARON CALDWELL, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>AKAZOO S.A., F/K/A AKAZOO LTD., F/K/A MODERN MEDIA ACQUISITION CORP., F/K/A MODERN MEDIA ACQUISITION CORP. S.A., APOSTOLOS N. ZERVOS, LEWIS W. DICKEY, JR., WILLIAM DREWRY, ADAM KAGAN, and VÉRONIQUE MARTY,<br><br>       Defendants. | **CASE No.: 1:20-cv-02737-KAM-CLP**<br><br>**CLASS ACTION** |

1

Plaintiffs Tim and Sharon Caldwell, Nikolaos Poulakis, and John Pullen (the "Akazoo Investor Group" or "Movant") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     consolidating the above-captioned actions;

(b)     appointing Movant as Lead Plaintiff for the class consisting of all persons and entities other than Defendants who (1) purchased or otherwise acquired the publicly traded securities of Akazoo S.A. ("Akazoo") f/k/a Modern Media Acquisition Corp. ("MMAC" or "MMDM") between January 24, 2019 and May 21, 2020, both dates inclusive (the "Class Period"); and (2) all persons or entities who held common stock of MMAC on August 14, 2019 eligible to vote at MMAC's August 28, 2019 special meeting, seeking to pursue remedies under Section 14(a) of the Exchange Act; and

(c)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on April 24, 2020 against the Company and certain of its officers for violations under the Exchange Act. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. The related action, *Caldwell, et al. v. Akazoo S.A., et al.*, Case No. 1:20-cv-02737-KAM-CLP (E.D.N.Y.) (the "*Caldwell* Action") was filed on June 19, 2020, alleging the same Exchange Act allegations, as well as an added allegation pursuant to Section

14(a) of the Exchange Act, against the same and additional defendants and an expanded Class Period.

Defendant Akazoo purports to be a global on-demand music, audio streaming, media, and A.I. technology company with a focus on emerging markets and a presence in 25 countries. Defendant Akazoo was previously known as Akazoo Ltd., Modern Media Acquisition Corp., and Modern Media Acquisition Corp. S.A. ("MMAC"). On January 24, 2019, MMAC announced it had entered into an agreement to merge with Akazoo.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Akazoo overstated its revenue, profits, and cash holdings; (2) Akazoo holds significantly lesser music distribution rights than it has stated and implied; (3) as opposed to Akazoo's continued statements, it does not operate in 25 countries; (4) Akazoo has a significantly smaller user base than it states; (5) Akazoo has closed its headquarters and other offices around the world; (6) Akazoo does not have "hyper-local" focus or abilities; (7) Akazoo does not have the extensive business-to-business deals across the globe that it claims; (8) MMAC did not engage in proper due diligence; and (9) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

On January 24, 2019, MMAC filed with the SEC a Form 8-K announcing the merger agreement with Akazoo (the "January 2019 8-K"). The January 2019 8-K was signed by Defendant Dickey. Attached to the January 2019 8-K was the press release issued by MMAC on January 24, 2019 entitled "Modern Media Acquisition Corp. Enters into Merger Agreement with Akazoo Ltd., a global music streaming platform" which touted Akazoo's strengths as a music streaming service. The press release touted, *inter alia*, a customer base of 4.3 million premium subscribers across 25 countries; successful "hyper-local" strategy for content curation and

3

cultural relevance; and a track record of multi-year profitability. Also attached to the January 2019 8-K was an investor presentation (the "January 2019 Investor Presentation") which included slides touting Akazoo's finances, distribution rights, geographic reach, "hyper-local" focus, and user base.

On February 12, 2019, the Company filed with the SEC a prospectus on Form F-4 signed by Defendants Dickey, Drewry, Kagan, and Marty ("Director Defendants"). On March 29, 2019, June 11, 2019, July 20, 2019, August 12, 2019, and August 14, 2019, the Company filed substantially similar revised versions of the prospectus for the merger on Forms F-4/A with the SEC. On August 15, 2019, MMAC issued the Proxy Statement with the SEC on Form 424(B)(3) which was signed by Defendants Dickey and Zervos. The Proxy Statement contained a discussion of MMAC's due diligence into the Company, which allegedly involved a detailed analysis, consultation with independent experts, and review of Akazoo's strategic, marketing and operations plans, and management forecasts. Supposedly based on the aforementioned alleged due diligence process, MMAC reiterated largely the same points as in their January 2019 8-K and January 2019 Investor Presentation.

On September 11, 2019, Akazoo issued a press release announcing the completion of its reverse merger with MMAC and the beginning of its shares trading on the NASDAQ under the symbol "SONG" (the "September Press Release").

On December 9, 2019, Akazoo issued a press release entitled "Akazoo Reports Third Quarter 2019 Results" (the "3Q 19 Results"). In the 3Q 19 Results, Akazoo touted revenue growth of 24% and an increase in registered users from 37.8 million to 44.4 million compared to the third quarter of 2018.

On April 20, 2020, Quintessential Capital Management ("QCM") released an equity report (the "Report") detailing, among other things, how Akazoo misled investors and failed to

4

disclose pertinent information, including: (i) Akazoo's overstated its users, subscribers, revenue and profit; (ii) Akazoo overstated the size of the of the Company and its services; (iii) Akazoo overstated where the Company's service is actually available; (iv) Akazoo is and has been closing offices and losing employees; (v) Akazoo does not specialize "hyper-local" content; and (vi) Akazoo does not currently have lucrative deals with mobile operators in its markets. On this news, Akazoo shares fell $0.53 per share over the rest of the trading day and the next trading day, or over 20%, to close at $1.99 per share on April 21, 2020, damaging investors.

On May 1, 2020, Akazoo filed with the SEC a Form 6-K which announced the termination of Defendant Zervos, the Company's CEO, "for cause" and that investors could not rely on previously issued financial statements. On this news, Akazoo shares fell 3% to close at $1.163 per share, further damaging investors, before trading was halted at 9:30 am on May 1, 2020.

On May 21, 2020, Akazoo issued a press release announcing that a special committee investigation had determined that former Akazoo management and associates participated in a "multi-year fraud."

On June 12, 2020, Akazoo's shares were delisted from NASDAQ. To date, there is no public market for Akazoo's delisted shares and the shares are essentially worthless.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in

adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

The Akazoo Investor Group has filed herewith PSLRA certifications attesting that each of its members are willing to serve as representative of the class and are willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Movant lost $549,442.90 in connection with its purchases of Akazoo securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Akazoo securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Akazoo's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Each member of the Akazoo Investor Group is adequate. Tim and Sharon Caldwell are a retired couple living in Michigan. Prior to retiring, Tim Caldwell worked in labor relations at Ford Motor Company. He has a Master of Business Administration degree and has been investing for approximately 30 years with the aid of financial advisors. Prior to retiring, Sharon Caldwell worked as a high school teacher. Nikolaos Poulakis lives in Cyprus, where he operates a real estate development company. He holds a Master of Business Administration degree and has been investing for approximately 20 years. John Pullen lives in Georgia and works as an

9

executive in the technology sector. He received his Bachelor of Science in Finance and Management Information System from the McIntire School of Commerce, University of Virginia. He has been investing for over 20 years.

Here, Movant has communicated with competent, experienced counsel concerning this case and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class. Movant also sustained financial losses from investments in Akazoo securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

### III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only

interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: June 23, 2020                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/ Phillip Kim
                                        Phillip Kim, Esq. (PK 9384)
                                        Laurence M. Rosen, Esq. (LR 5733)
                                        275 Madison Avenue, 40th Floor

11

New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith, Esq.
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*[Proposed] Additional Counsel for Movant and Class*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim