# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK MACHNIEWICZ, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED,<br><br>    Defendants. | Case No: 1:19-cv-822-MKB-VMS<br><br><br>CLASS ACTION |

# ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
# FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, on April 1, 2021, the Parties to the above-entitled action (the "Action") and *In re Uxin Limited Securities Litigation*, Index No. 650427/2019 (Sup. Ct. N.Y.) (the "State Court Action")[1] entered into a Stipulation of Settlement (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and dismissal of the claims alleged in the Action and State Court Action; and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Notice Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 22nd day of April, 2021, that:

1. The Court preliminarily finds that:

(a) the Settlement resulted from informed, extensive arm's-length negotiations, including mediation among Plaintiffs and Defendants under the direction of an experienced mediator, Robert Meyer, Esq. of JAMS;

(b) the Settlement eliminates risks to the Parties of continued litigation;

(c) the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Settlement Class;

---

[1] Unless otherwise indicated, all capitalized terms used herein shall have the same meaning as in the Stipulation. As used herein, the term "Parties" means Plaintiffs Saleh Doron Gahtan and Daniel Chiu of the Federal Court Action, Plaintiffs Adam Franchi, Raul Araujo, Lei Liang, and Mark Lee of the State Court Action, and Defendants Uxin Limited ("Uxin" or the "Company"), Kun Dai, Zhen Zeng, Rong Lu, Julian Cheng, Dou Shen, Hainan Tan, Morgan Stanley & Co. International plc, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, China International Capital Corporation Hong Kong Securities Limited and China Renaissance Securities (Hong Kong) Limited.

- 1 -

(d)     the Settlement does not provide excessive compensation to Class Counsel;

and

(e)     the Settlement appears to fall within the range of possible approval and is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class.

2.     The Court does hereby preliminarily approve the Settlement and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to order final approval of the Settlement under Rule 23(e)(2) as it will likely find that the Settlement is fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Fairness Hearing described below.

3.     For purposes of the Settlement only, and preliminarily, for purposes of this Order, the Actions shall proceed as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of a settlement class (the "Settlement Class") consisting of all Persons that (i) purchased or otherwise acquired Uxin ADSs from June 27, 2018 through April 16, 2019, inclusive, or (ii) purchased or otherwise acquired Uxin ADSs pursuant or traceable to Uxin's Registration Statements and Prospectus for Uxin's IPO. Excluded from the Settlement Class are Defendants, the officers and directors of Uxin or the Underwriter Defendants (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

4.     For purposes of the Settlement only, and preliminarily, for purposes of this Order,

- 3 -

(a) the Plaintiffs are hereby certified as Class Representatives, and (b) Lead Counsel and State Court Lead Counsel are appointed as Class Counsel.

5. A Settlement Fairness Hearing is hereby scheduled to be held before the Court at 225 Cadman Plaza East, Courtroom 6F, Brooklyn, New York 11201, on Tuesday, September 7, 2021, at 10:00 a.m., for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the Judgment as provided under the Stipulation should be entered;

(c) to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund should be approved by the Court as fair, reasonable and adequate;

(d) to determine whether to grant final certification of a Settlement Class for purposes of the Settlement;

(e) to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses;

(f) to consider Plaintiffs' request for payment for their efforts in prosecuting the Actions on behalf of the Settlement Class;

(g) to consider any objections or opt outs received by the Court; and

(h) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class and may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class. The Court reserves

the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. The Court reserves the right to enter the Judgment approving the Stipulation regardless of whether it has approved the Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and expenses or Plaintiffs' request for reimbursement for their representation of the Settlement Class.

7.    The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively.

8.    The Court approves the appointment of A.B. Data, Ltd. as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below.

9.    The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-one (21) calendar days of this Notice Order, to all Settlement Class Members who can be identified with reasonable effort. Within ten (10) calendar days of this Notice Order, Uxin, at its expense, shall provide or cause to be provided to the Claims Administrator, at no cost, its reasonably available record shareholder lists for shareholders during the Settlement Class Period as appropriate for providing notice to the Settlement Class.

10.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Uxin ADSs during the Settlement Class Period as record owners but not as beneficial owners. Such nominee purchasers shall: **(a)** within seven (7) calendar days of receipt of the letter

providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice and Proof of Claim forward them to all such beneficial owners; **(b)** within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or **(c)** within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.20 per Notice and Proof of Claim plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim is mailed by the broker or nominee; or $0.05 per Notice and Proof of Claim transmitted by email by the broker or nominee; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11. The Claims Administrator shall cause the Summary Notice to be published once over a national newswire service, within ten (10) calendar days after the mailing of the Notice.

12.     Plaintiffs' Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, file with the Court and serve on the Parties proof of mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice.

13.     The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and all other applicable laws and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto and reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement and to exclude themselves from the Settlement Class. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)     Within ninety (90) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in a form contained in Exhibit A-2 attached hereto and as approved by the Court, signed under penalty of perjury and supported by such documents as are specified

- 7 -

in the Proof of Claim and as are reasonably available to the Authorized Claimant. The Proof of Claim shall be timely if postmarked or submitted electronically no later than Wednesday, August 11, 2021.

(b) Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Judgment. Notwithstanding the foregoing, Plaintiffs' Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Actions or the Settlement. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

15. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall, no later than sixty (60) calendar days after the date set for the initial mailing of the Notice to Settlement Class Members, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice. Such

request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also directed to state the date(s), price(s), and number of shares of Uxin ADSs they purchased or acquired during the Settlement Class Period. The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16. The Court will consider objections to the Settlement, the Plan of Allocation, the payment to Plaintiffs, and/or the award of attorneys' fees and expenses. Any person wanting to object must do so in writing and may also appear at the Settlement Fairness Hearing. To the extent any person wants to object in writing, such objections and any supporting papers, accompanied by proof of Settlement Class membership, shall be filed with Clerk of the Court, U.S. District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, and copies of all such papers served no later than Monday, July 12, 2021, which is sixty-one (61) calendar days after the date set for the initial mailing of the notice to the Settlement Class, to each of the following: Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747 and Laurence Rosen, The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016 on behalf of the Plaintiffs and the Settlement Class, Robert A. Fumerton, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001 on behalf of the Uxin Defendants, and Jonathan Youngwood, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017 on behalf of the Underwriter Defendants. Persons who intend to object in writing to the

- 8 -

Settlement, the Plan of Allocation, the request for an award of attorneys' fees and expenses and/or Plaintiffs' request for payment for representing the Settlement Class and desire to present evidence at the Settlement Fairness Hearing must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. In addition, the objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than Monday, July 12, 2021. A Settlement Class Member who files a written objection does not have to appear at the Settlement Fairness Hearing for the Court to consider his, her or its objection. If the Settlement Class Member intends to appear at the Settlement Fairness Hearing, the Settlement Class Member shall identify any witnesses they may seek to call and exhibits they intend to offer at the Settlement Fairness Hearing in the papers served as set forth above no later than Monday, July 12, 2021. Any member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement set forth in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and Plaintiffs' request for payment, unless otherwise ordered by the Court.

17. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator and to Plaintiffs' Counsel a written and signed revocation of that request for exclusion, provided that it is received no later than five (5) business days before the Settlement Fairness Hearing, in which event that Person will be included in the Settlement Class.

18. All papers in support of the Settlement, the Plan of Allocation, and any application by Plaintiffs' Counsel for attorneys' fees and expenses and payment to Plaintiffs shall be filed fourteen (14) calendar days prior to the deadline in paragraph 14 for objections to be filed. All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

19. Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Uxin is solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. The Claims Administrator, Defendants' Counsel, and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

22. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining or prosecuting any action in any court or tribunal that asserts any of the Released Claims against any of the Released Parties. Unless and until the Stipulation is cancelled and terminated pursuant to its terms, all

- 10 -

proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

23. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation and herein. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided for in the Stipulation.

24. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs or Defendants elect to terminate the Settlement, then, in any such event, the Stipulation, including any amendment(s) thereof, shall be null and void and of no further force or effect (except to the extent otherwise expressly provided in the Stipulation), without prejudice to any party, and may not be introduced as evidence or referred to in the Actions, or any action or proceeding by any person or entity for any purpose, and each Party shall be restored to his, her or its respective position as it existed on March 31, 2021.

25. Neither the Stipulation nor the terms of the Settlement, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind.

26. The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

27. The Court retains exclusive jurisdiction to consider all further matters arising out

of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

Dated: April 22, 2021
       Brooklyn, New York

                                            SO ORDERED:


                                               s/ MKB
                                            MARGO K. BRODIE
                                            United States District Judge