# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE AKAZOO S.A. SECURITIES LITIGATION, | Case No. 1:20-cv-01900-BMC<br><br>CLASS ACTION |

**DECLARATION OF SARAH EVANS CONCERNING:**
**(A) MAILING OF THE POSTCARD NOTICE;**
**(B) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1.      I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  SCS was established in April 1999 and has administered over four hundred and fifty (450) class action cases since its inception.  I have over seven years of experience specializing in the administration of class action cases.  I am over 21 years of age and am not a party to the Action.[1]  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify thereto.

**MAILING OF POSTCARD NOTICE**

2.      Pursuant to the Court's Order Preliminarily Approving Partial Class Action Settlement and Providing for Notice, dated April 28, 2021 (ECF No. 36, "Preliminary Approval Order"), SCS was retained as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement in this Action.

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation and Agreement of Partial Settlement, dated as of April 22, 2021 (ECF No. 32, the "Stipulation").

3.     Pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential Settlement Class Members.[2]  A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

4.     By first class mail, postage prepaid, SCS mailed the Postcard Notice to 159 individuals and organizations identified in the transfer agent records provided to Class Counsel by Akazoo S.A.'s counsel.  These records reflect persons and entities that purchased Akazoo securities for their own account, or for the account(s) of their clients, during the Settlement Class Period.  The transfer record mailing to these 159 individuals and entities was completed on May 26, 2021.

5.     As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name"—*i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 665 banks and brokerage companies ("Nominee Account Holders"), as well as 565 mutual funds, insurance companies, pension funds, and money managers.  On May 26, 2021, SCS caused a letter to be mailed or e-mailed to the 1,230 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and

---

[2] Subject to certain exclusions, the Stipulation defines the Settlement Class as: "all persons or entities who or which: (i) purchased or otherwise acquired the publicly traded securities of Akazoo between January 24, 2019 and May 21, 2020, both dates inclusive (the "Settlement Class Period"), including but not limited to, those who purchased or acquired Akazoo securities pursuant to the private placement offering agreement ("PIPE Financing"), and were damaged thereby; (ii) held common stock of Modern Media Acquisition Corp. ("MMAC") as of August 9, 2019, eligible to vote at MMAC's August 28, 2019 special meeting, and were damaged thereby; and/or (iii) purchased or otherwise acquired Akazoo common stock pursuant or traceable to the Company's registration statement and prospectus issued in connection with the September 2019 merger of MMAC and Old Akazoo, and were damaged thereby."

requested that within 7 calendar days from the date of the letter, they were required to: (a) send a Postcard Notice to their customers who may be beneficial purchasers/owners; (b) email a direct link to the Notice of Pendency and Proposed Partial Settlement of Class ("Long Notice") and Proof of Claim and Release Form ("Claim Form," together with the Long Notice, "Long Notice and Claim Form") supplied by SCS to their beneficial purchasers/owners; or (c) provide SCS with a list of the names, mailing addresses, and email addresses, to the extent email addresses were available, of such beneficial purchasers/owners so that SCS could promptly mail the Postcard Notice or email links to the Long Notice and Claim Form directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

6.     Following these mailings, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that SCS mail them a Postcard Notice. SCS also received requests from nominees for Postcard Notices so that the nominees could forward them to their customers.  To date, SCS has mailed a total of 2,828 Postcard Notices.

7.     In addition to the Postcard Notices mailed, SCS was notified by one of the Nominee Account Holders that it emailed a total of 1,515 of its customers to notify them of the partial Settlement and to provide them with a direct link to the Long Notice and Claim Form on the Settlement webpage.  A copy of the Long Notice and Claim Form is attached as **Exhibit C**.

8.     On May 26, 2021, SCS also sent the Depository Trust Company ("DTC") a Long Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS"). LENS enables DTC participants to search and to download legal notices, as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

3

9.      As of August 2, 2021, a total of 4,343 copies of the Postcard Notice or direct links to the Long Notice and Claim Form have been disseminated to potential Settlement Class Members and/or their nominees.[3]

## PUBLICATION OF THE SUMMARY NOTICE

10.      Pursuant to the Preliminary Approval Order, SCS caused the Summary Notice of Pendency and Proposed Partial Settlement of Securities Class Action ("Summary Notice") to be published once in *Investor's Business Daily* and to be transmitted electronically once over *GlobeNewswire* on June 7, 2021. The confirmations of publication are attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.      On May 13, 2021, SCS established and continues to maintain a toll-free telephone number (1-866-274-4004) for potential Settlement Class Members to call and obtain information about the Settlement and/or request a Long Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address potential Settlement Class Members' inquiries.

## SETTLEMENT WEBPAGE

12.      On May 13, 2021, SCS established a webpage for the Settlement on its website at www.strategicclaims.net.  The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains the current status of the case; the exclusion, objection, and claim-filing deadlines for the case; the online claim filing link; as well as the date and time of the Settlement Hearing.  In addition, SCS posted copies of the Stipulation, Preliminary Approval Order, Long Notice, and Claim Form, all which are also available for download.

---

[3] Out of the 2,828 Postcard Notices mailed, SCS has received 7 requests from potential Settlement Class Members to mail them the Long Notice and Claim Form, which SCS mailed.

### REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Long Notice, Summary Notice, Postcard Notice, and the Settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than August 17, 2021. SCS has been monitoring all mail delivered for this case. As of the date of this declaration, SCS has not received any requests for exclusion.

14.     According to the Long Notice, Summary Notice, Postcard Notice, and Settlement webpage, Settlement Class Members seeking to object to the Settlement, the proposed Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses are required to submit their objection in writing such that the request is received by Class Counsel and Counsel for the Settling Defendants, as well as filed with the Clerk of the Court, no later than August 17, 2021. As of the date of this declaration, SCS has neither received any objections nor been notified that Class Counsel has received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 3rd day of August 2021, in Media, Pennsylvania.

_Sarah Evans_

_____
Sarah Evans

5

*Akazoo S.A. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**COURT-ORDERED  LEGAL NOTICE**

**Important   Notice   about   a Securities Class Action Settlement.**

**You may be entitled to a CASH payment.  This Notice may affect your legal rights.  Please read it carefully.**

*In re Akazoo S.A. Securities Litigation,* Case No. 1:20-cv-01900-BMC (E.D.N.Y.)

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The United States District Court for the Eastern District of New York (the "Court") has preliminarily approved a partial Settlement of claims against Akazoo S.A. ("Akazoo"), Petrus Schreuder, Panagiotis Dimitropoulos, Lewis W. Dickey, Jr., Maja Lapcevic, Athan Stephanopoulos, Alexander Macridis, David Bryan Roche, Asit Mehra, Colin Miles, Modern Media Acquisition Corp. S.A.; MMAC; XL Specialty Insurance Company; William Drewry, Adam Kagan, Véronique Marty, Blair Faulstich, George Brokaw, and John White ("Settling Defendants"). The proposed Settlement would also resolve a case entitled *Pareja, et al., v. Zervos, et al.,* Case No. 2020CV337418 (Fulton Cty., GA Sup. Court). The cases allege that, in violation of the federal securities laws, Settling Defendants issued materially false and misleading statements, which damaged Settlement Class Members. Settling Defendants deny the allegations.

You received this notice because you or someone in your family may have: (1) purchased or otherwise acquired the publicly traded securities of Akazoo between January 24, 2019 and May 21, 2020, both dates inclusive, including Akazoo securities issued pursuant to the private placement offering agreement, and were damaged thereby; (2) held common stock of Modern Media Acquisition Corp. ("MMAC") as of August 9, 2019, eligible to vote at MMAC's August 28, 2019 special meeting, and were damaged thereby; and/or (3) purchased or otherwise acquired Akazoo common stock pursuant or traceable to the company's registration statement and prospectus issued in connection with the September 2019 merger of MMAC and Akazoo Limited, and were damaged thereby. Settling Defendants agreed to pay a Settlement Amount of $4.9 million. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. For all details of the Settlement, your rights, and information impacting your potential recovery, including average per share recovery, read the Stipulation and detailed Notice, at www.strategicclaims.net.

To qualify for payment, you must submit a Claim Form, which can be found at www.strategicclaims.net, or mailed to you upon request to the Claims Administrator (1-866-274-4004). Claim Forms must be postmarked or submitted online by September 23, 2021. If you do not want to be legally bound by the Settlement, you must exclude yourself by August 17, 2021, or you will not be able to sue the Settling Defendants for the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by August 17, 2021. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on September 7, 2021 at 10:00 a.m. at 225 Cadman Plaza East, Brooklyn, NY 11201, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to one-third of the Settlement Fund in attorneys' fees, plus actual expenses up to $100,000 for litigating the case and negotiating the Settlement, and may include an application for reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (1-866-274-4004) or visit www.strategicclaims.net and read the detailed Notice. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

EXHIBIT B

REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

May 26, 2021

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO (I) PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF AKAZOO S.A. ("AKAZOO" OR THE "COMPANY") BETWEEN JANUARY 24, 2019 AND MAY 21, 2020 BOTH DATE INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), INCLUDING BUT NOT LIMITED TO, THOSE WHO PURCHASED OR AQUIRED AKAZOO SECURITIES PURSUANT TO THE PRIVATE PLACEMENT OFFERING AGREEMENT ("PIPE FINANCING"); (II) HELD COMMON STOCK OF MODERN MEDIA ACQUISITION CORP. ("MMAC") AS OF AUGUST 9, 2019, ELIGIBLE TO VOTE AT MMAC'S AUGUST 28, 2019 SPECIAL MEETING; AND/OR (III) PURCHASED OR OTHERWISE ACQUIRED AKAZOO COMMON STOCK PURSUANT OR TRACEABLE TO THE COMPANY'S REGISTRATION STATEMENT AND PROSPECTUS ISSUED IN CONNECTION WITH THE SEPTEMBER 2019 MERGER OF MMAC AND AKAZOO LIMITED ("OLD AKAZOO").

Excluded from the Settlement Class are the Susman Godfrey PIPE, SPAC, and Retail Investors, the Additional Settling Parties, EarlyBirdCapital, RSM US LLP, Grant Thornton, Deloitte, BDO, AGK Partners, the Akazoo Insurers, and Cowen Investments; Crowe; the Settling Defendants and their Immediate Family members; Zervos and his Immediate Family members; the past and current executive officers and directors of Akazoo; the past and current officers, directors and partners of Crowe; any trust of which Zervos of any Settling Defendant is the settlor or which is for the benefit of Zervos or any Settling Defendant; the legal representatives, heirs, predecessors, successors, affiliates, parents, subsidiaries, officers, directors, members, managers, partners, general partners, or assigns of any excluded person or entity; and any entity in which any of the above excluded persons have or had a majority ownership interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Akazoo S.A. Securities Litigation*<br>Case No.: 1:20-cv-01900-BMC<br>Objection Deadline: August 17, 2021<br>Exclusion Deadline: August 17, 2021<br>Claim Filing Deadline: September 23, 2021<br>Settlement Hearing: September 7, 2021 | Cusip Number: L6485M109, L0164E108<br>and 60765P103. |

**PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE**

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the link to the Long Notice and Claim Form or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have seven (7) calendar days to mail them; or
4. Request a copy of the link to the Long Notice and Proof of Claim in electronic format and advise us that you will be emailing to your beneficial purchasers/owners within seven (7) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the Notice** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate used by the Claims Administrator if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the Notice of Pendency and Proposed Partial Settlement of Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website www.strategicclaims.net. You can also request a copy via email at info@strategicclaims.net.
Thank you for your prompt response.

Sincerely,
Claims Administrator
Akazoo S.A. Securities Litigation

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AKAZOO S.A. SECURITIES LITIGATION | CASE NO. 1:20-CV-01900-BMC <br><br> <u>CLASS ACTION</u> |

**NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION**

*<u>A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Federal Action") pending in the United States District Court for the Eastern District of New York (the "Court"), if you: (i) purchased or otherwise acquired the publicly traded securities of Akazoo S.A. ("Akazoo" or the "Company") between January 24, 2019 and May 21, 2020, both dates inclusive (the "Settlement Class Period"), including but not limited to, those who purchased or acquired Akazoo securities pursuant to the private placement offering agreement ("PIPE Financing"), and were damaged thereby; (ii) held common stock of Modern Media Acquisition Corp. ("MMAC") as of August 9, 2019, eligible to vote at MMAC's August 28, 2019 special meeting, and were damaged thereby; and/or (iii) purchased or otherwise acquired Akazoo common stock pursuant or traceable to the Company's registration statement and prospectus issued in connection with the September 2019 merger of MMAC and Akazoo Limited ("Old Akazoo"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Tim Caldwell, Sharon Caldwell, Nikolaos Poulakis, and John Pullen (collectively, "Federal Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 13 below), along with the State Plaintiffs (together with the Federal Plaintiffs, "Plaintiffs") in a related action pending in the Superior Court for the State of Georgia, Fulton County, styled *Pareja, et al., v. Apostolos N. Zervos, et al.*, Case No. 2020CV337418 (the "State Action," and together with the Federal Action, the "Class Actions"), have reached a proposed partial settlement of the Class Actions for $4,900,000, plus any Additional Settlement Amount (as defined ¶¶ 41-53 below) that may be recovered (the "Settlement").  If the Settlement is approved, it will resolve all claims in the Class Actions with respect to the Settling Parties.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Akazoo, any other Defendants in the Class Actions, or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶ 100 below).**

<u>**Description of the Class Actions and the Settlement Class:**</u>  The Settlement partially resolves the Class Actions.  The Class Actions concern whether Akazoo, Apostolos N. Zervos ("Zervos"), Petrus (Pierre) Schreuder ("Schreuder"), Panagiotis Dimitropoulos ("Dimitropoulos"), Lewis W. Dickey, Jr. ("Dickey"), Maja Lapcevic ("Lapcevic"), Athan Stephanopoulos ('Stephanopoulos"), Alexander Macridis ("Macridis"), David Bryan Roche ("Roche"), Asit Mehra ("Mehra"), Colin Miles ("Miles"), Crowe U.K. LLP ("Crowe"), William Drewry ("Drewry"), Adam Kagan ("Kagan"), Véronique Marty ("Marty"), Blair Faulstich ("Faulstich"), George Brokaw ("Brokaw"), and John White ("White" and, collectively, "Defendants") violated federal securities laws, specifically Sections 10(b), 20(a), and 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and the Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act:"), by allegedly making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission and in other public statements to the investing public concerning Akazoo's overstatement of certain metrics including the number of its users, subscribers, revenue, profits, cash holdings, growth rate, and

---

[1]  All capitalized terms used in this Long Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Partial Settlement dated April 22, 2021 (the "Stipulation"), which is available at www.strategicclaims.net.

geographical reach. A more detailed description of the Class Actions is set forth in paragraphs 10-12 below. The proposed Settlement, if approved by the Court, will partially settle claims of the Settlement Class, as defined in paragraph 13 below.

1. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Class Actions in exchange for a settlement payment of $4,900,000 in cash (the "Class Action Settlement Amount") to be deposited into an escrow account, plus any Additional Settlement Amount that may be recovered. The Net Settlement Fund (*i.e.*, the Class Action Settlement Amount plus the Additional Settlement Amount, if any, and any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes and Tax Expenses, (b) any Administrative Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 11-15 below.

2. **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimates of the number of Akazoo common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Federal Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.51. Based on Plaintiffs' damages expert's estimates of the number of shares of MMAC common stock held as of August 9, 2019, and eligible to vote at MMAC's August 28, 2019 special meeting, that may have been affected by the conduct at issue in the Federal Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share of MMAC common stock is $0.21. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which securities they purchased or held, when and at what prices they purchased/acquired or sold their securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 11-15 below) or such other plan of allocation as may be ordered by the Court.

3. **Average Amount of Damages Per Share:** The Settling Parties do not agree on the average amount of damages per share that would be recoverable if the Federal Plaintiffs were to prevail in the Federal Action. Among other things, Settling Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

4. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Class Actions on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Class Counsel, The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third of the Class Action Settlement Amount (*i.e.*, $1,633,333.33, plus interest) and one-third of any Additional Settlement Amount allocated to the Class Actions. Class Counsel may choose to share part of any attorneys' fees awarded by the Court with The Law Offices of Howard G. Smith, Holzer & Holzer LLC, and The Law Offices of Frank R. Cruz in accordance with the level of their respective work and responsibility in the prosecution of the Class Actions. The choice of Class Counsel to share any of the attorneys' fees awarded by the Court is not subject to Court approval, and it will not influence the amount of attorneys' fees awarded to Class Counsel by the Court. In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Settling Defendants, in an amount not to exceed $100,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of the securities at issue, if the Court approves Class Counsel's fee and expense application, is $0.07 per eligible security.

5. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Phillip Kim, Esq., of The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016, (212) 686-1060, pkim@rosenlegal.com; and Casey Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com.

6. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the partial settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further

2

litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial in the Federal or State Actions and the likely appeals that would follow any such trial. This process could be expected to last several years. The Settling Defendants and the Additional Settling Parties, who deny all allegations of wrongdoing or liability whatsoever, are entering into the partial settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR ELECTRONICALLY SUBMITTED NO LATER THAN SEPTEMBER 23, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 22 below) that you have against the Released Settling Defendant Parties (defined in ¶ 27 below) and the Released Additional Settling Parties (defined in ¶ 28 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 17, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Released Settling Defendant Parties and the Released Additional Settling Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 17, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON SEPTEMBER 7, 2021 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 17, 2021.** | Filing a written objection and notice of intention to appear by August 17, 2021 allows you to speak in Court, at the Court's discretion, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the Court's discretion, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

3

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get The Postcard Notice? ...................................................................................... Page 4
What Are The Class Actions About? ....................................................................................... Page 4
How Do I Know If I Am Affected By The Settlement?  Who Is Included
    In The Settlement Class? ................................................................................................ Page 5
What Are Plaintiffs' Reasons For The Settlement? .................................................................. Page 5
What Might Happen If There Were No Settlement? ................................................................. Page 6
How Are Settlement Class Members Affected By The Action And The Settlement? ............... Page 6
How Do I Participate In The Settlement?  What Do I Need To Do? ......................................... Page 9
How Much Will My Payment Be? ............................................................................................ Page 9
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? ................................................................................... Page 15
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? ............................................................................................ Page 15
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement? ........................................................................................... Page 15
What If I Bought Shares On Someone Else's Behalf? ............................................................. Page 17
Can I See The Court File?  Whom Should I Contact If I Have Questions? ............................. Page 17

| WHY DID I GET THE POSTCARD NOTICE? |
|---|

7.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Akazoo common stock during the Settlement Class Period, or held common stock of MMAC as of August 9, 2019, eligible to vote at MMAC's August 28, 2019 special meeting.  The Court also directed this Long Notice be posted online at www.strategicclaims.net and mailed or emailed to you upon request to the Claims Administrator.  The Court directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.    The purpose of this Long Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also meant to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 91 below for details about the Settlement Hearing, including the date and location of the hearing.

9.    The issuance of this Long Notice is not an expression of any Court opinion concerning the merits of any claim in either of the Class Actions, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after all claims are processed.  Please be patient, as this process can take some time to complete.

| WHAT ARE THE CLASS ACTIONS ABOUT? |
|---|

10.    This Settlement will partially resolve the Federal Action, *In re Akazoo S.A. Securities Litigation*, Case No. 1:20-cv-01900-BMC (E.D.N.Y.), and the State Action, *Pareja, et al., v. Apostolos N. Zervos, et al.*, Case No. 2020CV337418 (Fulton Cty., GA Supreme Court). The Court in charge of the partial resolution of the Class Actions is the United States District Court for the Eastern District of New York.

11.    The Class Actions involve allegations that Defendants violated certain federal securities laws (*i.e.*, Sections 10(b), 14(a) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, as well as Sections 11, 12(a)(2), and 15 of the Securities Act) by making misrepresentations or omissions of material fact concerning Akazoo's overstatement of certain metrics including the number of its users, subscribers, revenue, profits, cash holdings, growth rate, and geographical reach.  The complaints in the Class Actions allege that once true facts

4

were disclosed, Akazoo's share price fell.  Settling Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Class Actions.

12.    On April 28, 2021, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Long Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

13.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons or entities who or which: (i) purchased or otherwise acquired the publicly traded securities of Akazoo between January 24, 2019 and May 21, 2020, both dates inclusive, including but not limited to, those who purchased or acquired Akazoo securities pursuant to the PIPE Financing agreement, and were damaged thereby; (ii) held common stock of MMAC as of August 9, 2019, eligible to vote at MMAC's August 28, 2019 special meeting, and were damaged thereby; and/or (iii) purchased or otherwise acquired Akazoo common stock pursuant or traceable to the Company's registration statement and prospectus issued in connection with the September 2019 merger of MMAC and Old Akazoo, and were damaged thereby.

Excluded from the Settlement Class are the Susman Godfrey PIPE, SPAC, and Retail Investors, the Additional Settling Parties, EarlyBirdCapital, RSM US LLP, Grant Thornton, Deloitte, BDO, AGK Partners, the Akazoo Insurers, and Cowen Investments; Crowe; the Settling Defendants and their Immediate Family members; Zervos and his Immediate Family members; the past and current executive officers and directors of Akazoo; the past and current officers, directors and partners of Crowe; any trust of which Zervos or any Settling Defendant is the settlor or which is for the benefit of Zervos or any Settling Defendant; the legal representatives, heirs, predecessors, successors, affiliates, parents, subsidiaries, officers, directors, members, managers, partners, general partners, or assigns of any excluded person or entity; and any entity in which any of the above excluded persons have or had a majority ownership interest.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 15 below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release Form ("Claim Form") that is available online at www.strategicclaims.net or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked or electronically submitted no later than September 23, 2021.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

14.    Plaintiffs and Class Counsel believe that the claims asserted against the Settling Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Settling Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested.  Plaintiffs would have to prevail at several stages – motions to dismiss, motion for class certification, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Class Actions.

15.    In light of these risks, the amount of the partial settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Class Counsel believe that the

Settlement provides a substantial benefit to the Settlement Class, namely $4,900,000 in cash, plus any Additional Settlement Amount that may be recovered and allocated to the Class Actions (less the various deductions described in this Long Notice), as compared to the risk that the claims in the Class Actions would produce a smaller recovery, or no recovery after summary judgment, trial and appeals, possibly years in the future.

16.    The Settling Defendants and the Additional Settling Parties have denied the claims asserted against them in the Class Actions and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Settling Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by the Settling Defendants and the Additional Settling Parties.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

17.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Settling Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from the Settling Defendants.  Also, if Settling Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

18.    As a Settlement Class Member, you are represented by the Federal Plaintiffs and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 15 below.

19.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 15 below.

20.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

21.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against the Settling Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs, on behalf of themselves and the other Releasing Plaintiff Parties, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 22 below) against the Released Settling Defendant Parties (as defined in ¶ 27 below), and the Released Additional Settling Parties (as defined in ¶ 28 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Settling Defendant Parties and the Released Additional Settling Parties.

22.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, except as to the claims in connection with the recovery of the Additional Settlement Amount, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that the Plaintiffs, or any other members of the Settlement Class: (i) asserted in the Class Actions; (ii) asserted in the PIPE and SPAC Action; or (iii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions that are involved, set forth, or referred to in the Class Actions and that relate to the purchase or acquisition of Akazoo securities during the Settlement Class Period (including, without limitation, any action by any Plaintiff or any other member of the Settlement Class, whether through a vote at any general meeting of the shareholders of Akazoo, the exercise of any other powers or rights as a shareholder or former shareholder of Akazoo, or in any other manner whatsoever, whether alone or in concert with any other party, to authorize, support, cause or require Akazoo to take or assert, or to itself take or assert on Akazoo's behalf, any action or any such known claims or Unknown Claims against any director or former director of Akazoo who is a Settling Party, to the exclusion however of any directors or former directors of Akazoo who are Non-Released Parties, in the form of a shareholder lawsuit ("*action sociale*"), a minority

6

shareholder lawsuit ("*action minoritaire*"), a derivative lawsuit ("*action oblique*"), or in any other manner, pursuant to any provisions of Luxembourg law or the law of any other jurisdiction and in any forum). Notwithstanding the foregoing, "Released Plaintiffs' Claims" do not include: (i) any claims of any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court; or (ii) any Excluded Claims (defined below).

23.    "Excluded Claims" means any claims concerning, arising from, or relating to the subject matter of the Class Action asserted, or which may be asserted: (i) by any Released Party against any party other than the Released Parties; (ii) against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court (and any related claims for contribution or indemnification between and among the Settling Defendants and the Additional Settling Parties); (iii) in connection with the recovery of the Additional Settlement Amount; (iv) by any person or entity relating to the enforcement of the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.  Notwithstanding the foregoing, Excluded Claims also include any potential claims (including indemnification or contribution) otherwise available to the Company against Panagiotis Dimitropoulos arising out of any future legal action initiated by Empresa Nacional de Innovacion, S.A. ("ENISA") concerning repayment of a profit participative loan made on or about October 13, 2010 to Polychronic Human Media Interface ("PHMI"). Moreover, for the avoidance of doubt, "Excluded Claims" also include: claims or potential claims against the Non-Released Parties; any parent or subsidiary of the Non-Released Parties; any entity that has or had a majority ownership interest in a Non-Released Party; any current or former employee, officer, director, manager or partner of a Non-Released Party; any entity affiliated with, related to or controlled by a Non-Released Party; and any predecessor or successor to a Non-Released Party.

24.    "Settling Defendants" means Akazoo; Schreuder; Dimitropoulos; Lapcevic, Stephanopoulos, Macridis, Roche, Mehra, Miles, and Dickey (Akazoo Director Defendants); Modern Media Acquisition Corp. S.A.; MMAC; XL Specialty Insurance Company (MMAC's Insurer); Drewry, Kagan, Marty, Faulstich, Brokaw, and White (MMAC Director Defendants); Modern Media Sponsor, LLC.

25.    "Related Parties" means, with respect to each Released Party, in their capacity as such: (i) current and former agents, parents, affiliates, subsidiaries, divisions, joint ventures, successors, predecessors, assigns, assignees, attorneys, underwriters, placement agents, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers); (ii) Immediate Family members; (iii)  any firm,  corporation, or entity in which any Released Party has a majority interest; and (iv) the current and former officers, directors, members, managers and employees of each of the foregoing clauses in (i)-(iii).  Notwithstanding the foregoing, "Related Parties" does not include any Non-Released Parties.

26.    "Non-Released Parties" means all parties that are not defined as Released Parties herein.  For the avoidance of doubt, Non-Released Parties, includes, but is not limited to, Zervos, Crowe, EarlyBirdCapital, Inc., RSM US LLP, Grant Thornton, Deloitte, BDO, AGK Partners, and the Akazoo Insurers.

27.    "Released Settling Defendant Parties" means the Settling Defendants, the MMAC Insurer (XL Specialty Insurance Company), and each and all of their Related Parties.  For the avoidance of doubt, the Non-Released Parties, any parent or subsidiary of the Non-Released Parties, any entity that has or had a majority ownership interest in a Non-Released Party, any current or former employee, officer, director, manager or partner of a Non-Released Party, any entity affiliated with, related to or controlled by a Non-Released Party, and any predecessor or successor to a Non-Released Party are not Released Settling Defendant Parties.

28.    "Released Additional Settling Parties" means the Additional Settling Parties and all of their Related Parties. For the avoidance of doubt, "Released Additional Settling Parties "does not include any Non-Released Parties.

29.     "Additional Settling Parties" means, collectively, MIHI LLC, Macquarie Capital (USA) Inc., and Toscafund Asset Management LLP and Penta Capital LLP and all funds managed by them including Tosca Opportunity, Tosca Mid Cap, The Pegasus Fund Limited and Tosca Penta Music LP.

30.     "Unknown Claims" means any and all claims and potential claims that one or more Releasing Parties does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties.  This includes claims which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Settling Defendants shall expressly waive, and each of the other Settlement Class Members and the Releasing Parties shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

7

*A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;*

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. The Settling Parties and Releasing Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Settling Parties expressly, fully, finally, and forever settle and release, and each other Releasing Party and Released Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Final Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties expressly acknowledge, and each other Releasing Party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

31. The Judgment will also provide that, upon the Effective Date of the Settlement, Settling Defendants, on behalf of themselves and the other Releasing Settling Defendant Parties, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Settling Defendants' Claim (as defined in ¶ 32 below) against Plaintiffs, the other Released Plaintiffs' Parties (as defined in ¶ 33 below), including Plaintiffs' Counsel, the other Settling Defendants, and the Released Additional Settling Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Defendants' Claims against any of the Released Plaintiffs' Parties, including Plaintiffs' Counsel, the other Settling Defendants, and any of the Released Additional Settling Parties. This Release shall not apply to any of the Excluded Claims.

32. "Released Settling Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Class Actions against the Settling Defendants (including, without limitation, any action by any Defendant, whether through a vote at any general meeting of the shareholders of Akazoo, the exercise of any other powers or rights as a shareholder or former shareholder of Akazoo, or in any other manner whatsoever, whether alone or in concert with any other party, to authorize, support, cause or require Akazoo to take or assert, or to itself take or assert on Akazoo's behalf, any action or any such known claims or Unknown Claims against any director or former director of Akazoo who is a Settling Party, to the exclusion however of any directors or former directors of Akazoo who are Non-Released Parties, in the form of a shareholder lawsuit ("*action sociale*"), a minority shareholder lawsuit ("*action minoritaire*"), a derivative lawsuit ("*action oblique*"), or in any other manner, pursuant to any provisions of Luxembourg law or the law of any other jurisdiction and in any forum). Notwithstanding the foregoing, "Released Settling Defendants' Claims" do not include any Excluded Claims.

33. "Released Plaintiffs' Parties" means Plaintiffs, Settlement Class Members, and each and all of their Related Parties.

34. The Judgment will also provide that, upon the Effective Date of the Settlement, the Additional Settling Parties shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Additional Settling Parties' Claims (as defined in ¶ 35 below) against Plaintiffs, the other Released Plaintiffs' Parties, including Plaintiffs' Counsel, the Settling Defendants, and the other Released Settling Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Additional Settling Parties' Claims against any of the Released Plaintiffs' Parties, including Plaintiffs' Counsel, and any of the Released Settling Defendant Parties. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35. "Released Additional Settling Parties' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Class Actions (including, without limitation, any action by any Additional Settling Party, whether through a vote at any general meeting of the shareholders of Akazoo, the exercise of any other powers or rights as a shareholder or former shareholder of Akazoo, or in any other manner whatsoever, whether alone or in concert with any other party, to authorize, support, cause or require Akazoo to take or assert, or to itself take or assert on Akazoo's behalf, any action or any such known claims or Unknown Claims against any director or former director of

8

Akazoo who is a Settling Party, to the exclusion however of any directors or former directors of Akazoo who are Non-Released Parties, in the form of a shareholder lawsuit ("*action sociale*"), a minority shareholder lawsuit ("*action minoritaire*"), a derivative lawsuit ("*action oblique*"), or in any other manner, pursuant to any provisions of Luxembourg law or the law of any other jurisdiction and in any forum).  Notwithstanding the foregoing, the "Released Additional Settling Parties' Claims" do not include any Excluded Claims.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

36.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation. The Claim Form may be completed in two ways: (1) by mailing the Claim Form together with supporting documentation **postmarked no later than September 23, 2021**; or (2) by submitting the Claim Form electronically with supporting documentation at www.strategicclaims.net by **11:59 p.m. EST on September 23, 2021**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.strategicclaims.net, or you may request that a Claim Form be mailed or emailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in Akazoo common stock and/or MMAC common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38.    Pursuant to the Settlement, Akazoo and XL Specialty Insurance Company (the MMAC Insurer) have agreed to pay or caused to be paid $4,900,000 in cash, plus any Additional Settlement Amount that may be recovered and allocated to the Class Actions.  The Class Action Settlement Amount will be deposited into an escrow account, along with any Additional Settlement Amount that may be recovered and allocated to the Class Actions.  The Settlement Amount, plus any Additional Settlement Amount that may be recovered and allocated to the Class Actions, along with any interest earned thereon, is referred to as the "Settlement Fund."   If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

### ADDITIONAL SETTLEMENT AMOUNT

40.    As part of the Settlement, the Settlement Class may be entitled to certain additional funds.  These funds are referred to as the Additional Settlement Amount.  The following paragraphs explain what constitutes the Additional Settlement Amount, and how the Additional Settlement Amount will be divided between: (a) the Settlement Class; and (b) another group of Akazoo shareholders, represented by the law firm of Susman Godfrey L.L.P. (the "Susman Godfrey PIPE, SPAC, and Retail Investors"), in a related lawsuit pending in the United States District Court for the Southern District of New York (the "PIPE and SPAC Action").

41.    "Additional Settlement Amount" means any portion of the Service Provider Recovery Amount, Insurance Refund Amount, and Unreimbursed Insurance Amount received by the Akazoo Investors.  For the avoidance of doubt, the Additional Settlement Amount does not include the Akazoo Recovery Amount or any exhausted portion of the Indemnification Holdback.  There is no cap on the Additional Settlement Amount.

42.    "Service Provider Recovery Amount" means the amount of any funds recovered by Akazoo from EarlyBirdCapital and RSM US LLP.

43.    "Insurance Refund Amount" means the amount of any refunded premium obtained by the Company from Berkshire Hathaway Specialty Insurance associated with the D&O policy issued on or about September 12, 2020.

44.    "Unreimbursed Insurance Amount" means any and all unreimbursed defense costs and unpaid indemnification claims for which the Akazoo Insurers are obligated to pay.

45.    "Akazoo Investors" means the State Plaintiffs, Federal Plaintiffs and the Susman Godfrey PIPE, SPAC, and Retail Investors.

46.    Akazoo is attempting to recover additional funds from certain sources pursuant to the Settlement, including from: (a) EarlyBirdCapital and RSM US LLP (*i.e.*, the "Service Provider Recovery Amount"); and (b)

9

the Akazoo Insurers via claims (in coordination with the Akazoo Investors) for unreimbursed defense costs and unpaid indemnity claims (*i.e.*, the "Unreimbursed Insurance Amount"). Akazoo will also take commercially reasonable steps to obtain a partial refund of the premium paid for its current directors and officers insurance policy based on the cessation of any need for such coverage (*i.e.*, the "Insurance Refund Amount").

47. Akazoo's total recovery of the Service Provider Recovery Amount, the Insurance Refund Amount, and the Unreimbursed Insurance Amount (collectively, the "Akazoo Recovery Amount"), if any, shall be distributed as follows. The first $500,000 of the Akazoo Recovery Amount shall be held in Defense Counsel's trust account to address certain indemnification obligations of the Company incurred after issuance of the Preliminary Approval Order and only to the extent that those obligations are associated with any U.S. government investigation or legal action relating to the allegations, transactions, facts, matters or occurrences, representations, or omissions that are involved, set forth, or referred to in the Class Actions (the "Indemnification Holdback"). The Indemnification Holdback will be maintained for a period of one year following issuance of the Final Judgment and, thereafter, any remaining amount of the Indemnification Holdback will be further distributed consistent with the distribution of the Akazoo Recovery Amount outlined below. If the Indemnification Holdback is exhausted prior to one year following issuance of the Final Judgment, Defense Counsel shall immediately inform Class Counsel and Susman Godfrey that the Indemnification Holdback has been exhausted.

48. The Service Provider Recovery Amount will be split on a 50:50 basis between Akazoo and the Akazoo Investors. Any amount paid from the Service Provider Recovery Amount to the Akazoo Investors will be divided as follows: 14% to the Class Actions and 86% to the PIPE and SPAC Action.

49. The Unreimbursed Insurance Amount will be split 75:25, with the Akazoo Investors receiving 75% and Akazoo receiving 25%. Any amount paid from the Unreimbursed Insurance Amount to the Akazoo Investors will be divided as follows: 14% to the Class Actions and 86% to the PIPE and SPAC Action.

50. The Insurance Refund Amount will be split on a 50:50 basis between the Akazoo Investors and Akazoo. Any amount paid from the Insurance Refund Amount to the Akazoo Investors will be divided as follows: 14% to the Class Actions and 86% to the PIPE and SPAC Action.

51. Not including any funds spent pursuant to the Indemnification Holdback, Akazoo Recovery Amount shall be capped at $1,750,000 (one million seven hundred fifty thousand U.S. dollars) and will be used to resolve the Akazoo's remaining affairs, including the negotiated resolution of certain accounts payable.

52. If the Akazoo Recovery Amount exceeds $1,750,000 (one million seven hundred fifty thousand U.S. dollars) (not including any funds spent pursuant to the Indemnification Holdback), all additional amounts shall be paid to the Akazoo Investors and constitute part of the Additional Settlement Amount, which will be divided amongst the Akazoo Investors as follows: 14% to the Class Actions and 86% to the PIPE and SPAC Action.

53. In the event that the amount recovered by the Akazoo Investors collectively from the Class Action Settlement Amount, the PIPE and SPAC Settlement Amount, the Additional Settlement Amount, and any other additional recovery (by settlement or judgment) arising out of or relating to the allegations asserted in the Federal Action, the State Action, or the PIPE and SPAC Action exceeds $43,000,000, then the Akazoo Investors will (i) promptly notify the XL Specialty Insurance Company (MMAC Insurer) that such recovery has or is expected to exceed $43,000,000 and (ii) pay back $1,000,000 (one million U.S. dollars) to the XL Specialty Insurance Company (MMAC Insurer) from the additional amounts paid to the Akazoo Investors for any additional recovery by settlement or judgment.

54. The Settling Defendants and Additional Settling Parties shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

55. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

56. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form on or before September 23, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 22 above) against the Released Settling Defendant Parties (as defined in ¶ 27 above), and Released Additional Settling Parties (as defined in ¶ 28 above), and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Released Settling Defendant Parties and Released Additional Settling Parties, regardless of whether such Settlement Class Member submits a Claim Form.

57. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Akazoo common stock and MMAC common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares or notes that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases

10

or acquisitions of Akazoo common stock during the Settlement Class Period, or holding of MMAC common stock as of August 9, 2019, and eligible to vote at MMAC's August 28, 2019 special meeting, may be made by the plan's trustees. To the extent any of the Settling Defendants, Additional Settling Parties, or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

58. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

59. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

60. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Akazoo common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions, and/or held MMAC common stock as of August 9, 2019 will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are the Akazoo common stock and MMAC common stock.

## PROPOSED PLAN OF ALLOCATION

61. As discussed above, the Settlement provides $4,900,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net.

62. The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

63. In order to have recoverable damages under Section 10(b) of the Exchange Act, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Akazoo common stock. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from January 24, 2019 through and including the close of trading on May 21, 2020 which had the effect of artificially inflating the prices of Akazoo common stock. Artificial inflation was removed from the price of Akazoo common stock via a series of corrective disclosures on April 20, 2020; April 21, 2020; April 22, 2020; April 23, 2020; and April 24, 2020.[2]

64. In order to have recoverable damages under Section 14(a) of the Exchange Act, Settlement Class Members must have held common stock of MMAC as of August 9, 2019 and been eligible to vote at MMAC's August 28, 2019 special meeting.

65. In order to have recoverable damages under Section 11 of the Securities Act, Settlement Class Members must have purchased or otherwise acquired Akazoo common stock pursuant or traceable to the Company's registration statement and prospectus issued in connection with the September 2019 merger of MMAC and Old Akazoo.

---

[2] Any transactions in Akazoo common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

11

## ALLOCATION OF THE NET SETTLEMENT FUND

66.     As previously described in the Notice, the Net Settlement Fund is the remainder of the Settlement Fund after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes.  Pursuant to this Plan of Allocation, Settlement Class Members may have a claim under Section 10(b) of the Exchange Act, Section 14(a) of the Exchange Act, and/or Section 11 of the Securities Act.  The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) Settlement Class Members with Section 10(b) Claims shall be allocated approximately (4%) of the Net Settlement Fund; (b) Settlement Class Members with Section 14(a) Claims shall be allocated approximately (56.7%) of the Net Settlement Fund; and (c) Settlement Class Members with Section 11 Claims shall be allocated approximately (39.3%) of the Net Settlement Fund.  Among other factors, in formulating the overall allocation, Plaintiffs considered the maximum potential damages of each group of purchasers within the Settlement Class.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

### Calculation of Recognized Claim Amount for Class Members with 10(b) Claims

67.     Estimated damages and the Plan of Allocation were developed based on event study analysis, which determines how much artificial inflation was in the prices of such securities on each day during the Settlement Class Period by measuring how much the prices declined as a result of disclosures that corrected the alleged misrepresentations and omissions. A Section 10(b) Recognized Claim Amount is calculated for each Settlement Class Member who purchased Akazoo common stock during the Settlement Class Period based on when that Claimant purchased and sold shares, or retained shares beyond the end of the Settlement Class Period.

68.     Based on the formulas stated below, a Section 10(b) Recognized Claim Amount will be calculated for each purchase or acquisition of Akazoo publicly traded common stock during the Settlement Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

69.     For each share of Akazoo publicly traded common stock purchased or otherwise acquired during period from January 24, 2019 through May 21, 2020, inclusive, and:

   a)   Sold prior to April 20, 2020, the Recognized Claim Amount per share is zero.

   b)   Sold during the period from April 20, 2020 through and including May 21, 2020, the Section 10(b) Exchange Act Recognized Claim Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price.

   c)   Held as of the close of trading on May 21, 2020 the Section 10(b) Exchange Act Recognized Claim Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price.[3]

### Table A: Estimated Artificial Inflation in Akazoo Common Stock

| Date Range | Artificial Inflation Per Share |
| --- | --- |
| January 24, 2019 through April 19, 2020 | $1.26 |
| April 20, 2020 | $1.01 |
| April 21, 2020 | $0.84 |
| April 22, 2020 | $0.50 |
| April 23, 2020 | $0.35 |
| April 24, 2020 | $0.00 |
| April 25, 2020 through May 21, 2020 | $0.00 |
| May 21, 2020 and later | $0.00 |

---

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." In this matter, Akazoo common stock ceased trading on May 2, 2020 and remains untraded to this day. Thus, the mean (average) closing price for Akazoo common stock during this 90-day look-back period was $0.00 per share.

12

**Calculation of Recognized Claim Amount for Settlement Class Members with Section 14(a) Claims**

70.    For each share of MMAC publicly traded common stock that was eligible to vote at MMAC's August 28, 2019 special meeting and subsequently exchanged these shares for Akazoo common stock on or around September 11, 2019, the Section 14(a) Recognized Claim Amount per share shall be $1.26 per share. Class Members wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Claim Form establishing that he, she, or it owned MMAC common stock August 9, 2019 and were eligible to vote at MMAC's August 28, 2019 special meeting.

**Calculation of Recognized Claim Amount for Settlement Class Members with Section 11 Claims**

71.    Securities Act claims were asserted with respect the shares of Akazoo common stock purchased or otherwise acquired pursuant or traceable to the Company's registration statement and prospectus issued in connection with the September 2019 Merger. On or around September 11, 2019, Akazoo issued 49,635,000 shares of common stock at approximately $5.27 per share.

72.    The claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Securities Act Recognized Loss Amounts under the Plan of Allocation. Section 11 of the Securities Act provides a statutory formula for the calculation of damages under that provision. The formulas stated below, which were developed by Plaintiff's damages expert, generally track the statutory formula. For purposes of the statutory calculations, April 20, 2020, the date of filing of the initial complaint in the Action, is considered to be the "date of suit" and the price of Akazoo common stock on April 20, 2020 was $1.16 per share.

73.    Based on the formulas stated below, a "Section 11 Recognized Claim Amount" will be calculated for each purchase/acquisition of Akazoo Common Stock traceable to the Company's registration statement and prospectus issued in connection with the September 2019 Merger.  If a Section 11 Recognized Claim Amount calculates to a negative number or zero under the formula below, the recognized claim will be zero.

74.    For each share of Akazoo common stock purchased or otherwise acquired that is traceable to the Company's registration statement and prospectus issued in connection with the September 2019 Merger and

   a)   Sold before the close of trading on April 20, 2020, the Section 11 Recognized Claim Amount will be the purchase price (not to exceed $5.27 per share, the issue price of the offering) *minus* the sale price.

   b)   Held as of the close of trading on April 20, 2020, the Section 11 Recognized Claim Amount will be the purchase price (not to exceed $5.27, the issue price of the offering) *minus* $1.16 per share (the price on the date of suit).

## ADDITIONAL PROVISIONS

75.    If a Settlement Class Member held Akazoo common stock at the beginning of the Settlement Class Period or made multiple purchases, acquisitions or sales of Akazoo common stock during or after the Settlement Class Period, the starting point for calculating a Claimant's Recognized Claim is to match the Claimant's holdings, purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Akazoo common stock sold during the Settlement Class Period will be matched, in chronological order first against Akazoo common stock held at the beginning of the Settlement Class Period. The remaining sales of Akazoo common stock during the Settlement Class Period will then be matched, in chronological order against Akazoo common stock purchased or acquired during the Settlement Class Period.

76.    Purchases or acquisitions and sales of Akazoo common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Akazoo common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Akazoo common stock for the calculation of Recognized Claim, unless (i) the donor or decedent purchased or otherwise acquired such shares of Akazoo common stock during the Settlement Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Akazoo common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

77.    An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claim of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claim of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of

13

distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 82 below) is $10.00 or greater.

78.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Akazoo common stock.  The date of a "short sale" is deemed to be the date of sale of the Akazoo common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Akazoo common stock, the earliest Settlement Class Period purchases or acquisitions of share(s) shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

79.    Option contracts are not securities eligible to participate in the Settlement.  With respect to Akazoo common stock purchased or sold through the exercise of an option, the purchase/sale date of Akazoo common stock is the exercise date of the option and the purchase/sale price of Akazoo common stock is the exercise price of the option.

80.    To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Akazoo common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Akazoo common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

81.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Akazoo common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Total Holding Value.[6]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Akazoo common stock during the Settlement Class Period.

82.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

83.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Settling Defendants, Defendants' Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Plaintiffs, Settling Defendants and their respective counsel, and all other Released Settling Defendant Parties and Released Additional Settling Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Akazoo shares purchased or acquired during the Settlement Class Period.

[5] The Claims Administrator shall match any sales of Akazoo common stock during the Settlement Class Period, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Akazoo common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a holding value to Akazoo common shares purchased or acquired during the Settlement Class Period and still held as of the close of trading on May 21, 2020, which shall be $0.00.  The total calculated holding values for the held Akazoo shares shall be the Claimant's "Total Holding Value."

14

the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

84.   The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

85.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Settling Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third of the Class Action Settlement Amount (*i.e.*, $1,633,333.33, plus interest) and one-third of any Additional Settlement Amount allocated to the Class Actions.  At the same time, Class Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $100,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

86.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Akazoo S.A. Securities Litigation, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063.  The exclusion request must be *received* no later than August 17, 2021.  You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address, telephone number, and email address (if any) of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Akazoo S.A. Securities Litigation.,* Case No. 1:20-cv-01900-BMC (E.D.N.Y.)"; (iii) state the number of shares of Akazoo common stock and/or MMAC common stock that the person or entity requesting exclusion purchased/acquired/sold and/or held during the Settlement Class Period (*i.e.*, between January 24, 2019 and May 21, 2020, both dates inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

87.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Settling Defendant Parties and Released Additional Settling Parties.

88.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

89.   Akazoo has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Plaintiffs and Akazoo.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

90.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

91.    The Settlement Hearing will be held on September 7, 2021 at 10:00 a.m., before the Honorable Brian M. Cogan at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

92.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before August 17, 2021.  You must also serve the papers on Class Counsel and Counsel for the Settling Defendants at the addresses set forth below so that the papers are *received* on or before **August 17, 2021**.

| **Clerk's Office** | **Class Counsel** | **Counsel for the Settling Defendants** |
|---|---|---|
| United States District Court Eastern District of New York Clerk of the Court United States Courthouse 225 Cadman Plaza East Brooklyn, NY 11201 | **The Rosen Law Firm, P.A.** Phillip Kim, Esq. 275 Madison Ave., 40th Floor New York, NY 10016  **Glancy Prongay & Murray LLP** Casey Sadler, Esq. 1925 Century Park East Suite 2100 Los Angeles, CA 90067 | **Gibson, Dunn & Crutcher LLP** Christopher Joralemon 200 Park Avenue, 48th Floor New York, NY 10166 |

93.    Any objection: (a) must state the name, address, telephone number, and email address (if any) of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Akazoo common stock and/or MMAC common stock that the objecting Settlement Class Member purchased/acquired, sold and/or held during the Settlement Class Period (*i.e.*, between January 24, 2019 and May 21, 2020, both dates inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

94.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

95.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Settling Defendants' Counsel at the addresses set forth above so that it is *received* on or before **August 17, 2021**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

96.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 92 above so that the notice is *received* on or before **August 17, 2021**.

97.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel. In light of the on-going pandemic, the Court may choose to hold the Settlement Hearing via telephone conference or video conference without further notice to the Settlement Class.  If you plan on attending the Settlement Hearing, please check the Court's docket and the settlement website, www.strategicclaims.net to see if the hearing will be held in-person, or via telephone or video conference.

16

98.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

99.   If you purchased or otherwise acquired Akazoo common stock between January 24, 2019 and May 21, 2020, both dates inclusive, or held MMAC common stock as of August 9, 2019, which was eligible to vote at MMAC's August 28, 2019 special meeting, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Claims Administrator's mailed or emailed notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the Claims Administrator's mailed or emailed notice, request a link to the Long Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names, addresses, and email addresses of all such beneficial owners to Akazoo S.A. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063. If you choose the third option, the Claims Administrator will send a copy of the Postcard Notice or links to the Long Notice and Claim Form to the beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.05 per name, address, and email address provided to the Claims Administrator; up to $0.05 per Postcard Notice actually mailed, plus postage at the rate used by the Claims Administrator; or up to $0.05 per link to the Long Notice and Claim Form actually transmitted by email.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.strategicclaims.net, or by calling the Claims Administrator toll-free at 1-866-274-4004.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

100.   This Long Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in the Federal Action, you are referred to the papers on file in the Federal Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court, Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.strategicclaims.net.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Class Counsel at:

*Akazoo S.A. Securities Litigation*   and/or   Phillip Kim, Esq.
c/o Strategic Claims Services                        The Rosen Law Firm, P.A.
P.O. Box 230                                                    275 Madison Ave., 40th Floor
600 N. Jackson St., Ste. 205                           New York, NY 10016
Media, PA 19063                                            Tel: (212) 686-1060
Toll-Free: (866) 274-4004                              pkim@rosenlegal.com
www.strategicclaims.net
info@strategicclaims.net                                -or-

Casey Sadler, Esq.
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
settlements@glancylaw.com

17

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: April 28, 2021

By Order of the Court
United States District Court
Eastern District of New York

**Akazoo S.A. Securities Litigation**
**c/o Strategic Claims Services**
**600 N. Jackson St., Ste. 205**
**P.O. Box 230**
**Media, PA 19063**
**Toll-Free: (866) 274-4004**
**Fax: (610) 565-7985**
**Email: info@stategicclaims.net**
**Settlement Website: www.strategicclaims.net**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must either (a) complete and submit the electronic version of this Proof of Claim and Release Form ("Claim Form"), which is available at www.strategicclaims.net, **no later than 11:59 p.m. EST on September 23 , 2021** or (b) complete and sign this Claim Form and mail it by first-class mail to the above address, **postmarked no later than September 23, 2021**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 20 |
| PART II – GENERAL INSTRUCTIONS | 21 |
| PART III – SCHEDULE OF TRANSACTIONS IN AKAZOO AND/OR MMAC COMMON STOCK | 23 |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | 24 |

19

AKAZOO

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:                    Zip Code:                    Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[7]

Daytime Telephone Number:                    Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[7] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

20

AKAZOO

## PART II – GENERAL INSTRUCTIONS

1.    It is important that you completely read and understand the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.    By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page 5 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.    **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.    Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Akazoo common stock and/or MMAC common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Akazoo common stock and/or MMAC common stock, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.    Please note:  Only the following are eligible under the Settlement: (i) Akazoo common stock purchased during the Settlement Class Period (*i.e.*, between January 24, 2019 and May 21, 2020, both dates inclusive), including but not limited to, those purchased pursuant to the private placement offering agreement ("PIPE Financing"); (ii) Modern Media Acquisition Corp. ("MMAC") common stock held as of August 9, 2019; and/or (iii) Akazoo common stock purchased pursuant or traceable to the Company's registration statement and prospectus issued in connection with the September 2019 merger of MMAC and Akazoo Limited ("Old Akazoo").

6.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Akazoo common stock and/or MMAC common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Settling Parties, Akazoo, and the Claims Administrator do not independently have information about your investments in Akazoo common stock and/or MMAC common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.    All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  If you purchased Akazoo common stock during the Settlement Class Period and/or held eligible MMAC common stock and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased Akazoo common stock and/or held MMAC common stock during the relevant time period and the securities were

21

registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Akazoo common stock and/or MMAC common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Akazoo common stock and/or MMAC common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you can visit the Settlement website, www.strategicclaims.net, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.strategicclaims.net or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (866) 274-4004.**

AKAZOO

## PART III – SCHEDULE OF TRANSACTIONS IN AKAZOO AND/OR MMAC COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than Akazoo common stock.

**1.   HOLDINGS AS OF JANUARY 23, 2019** – State the total number of shares of Akazoo common stock held as of the close of trading on January 23, 2019 (*must be documented*).  _____

**2.   PURCHASES/ACQUISITIONS FROM JANUARY 24, 2019 THROUGH MAY 21, 2020** – Separately list each and every purchase/acquisition (including free receipts) of Akazoo common stock from January 24, 2019 through and including the close of trading on May 21, 2020.  (*Must be documented*.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**3.  MMAC SHARES HELD AS OF AUGUST 9, 2019 THAT WERE ELIGIBLE TO VOTE AT MMAC'S AUGUST 28, 2019 SPECIAL MEETING.** State the total number of MMAC common stock shares held as of August 9, 2019, that were exchanged for shares of Akazoo common stock on or about September 11, 2019.  If none, write "zero" or "0". _____

**3.  SALES FROM JANUARY 24, 2019 THROUGH MAY 21, 2020** – Separately list each and every sale/disposition (including free deliveries) of Akazoo common stock from after the opening of trading on January 24, 2019through and including the close of trading on May 21, 2020. (*Must be documented.*)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**4.  HOLDINGS AS OF MAY 21, 2020 –** State the total number of shares of Akazoo common stock held as of the close of trading on May 21, 2020.  (*Must be documented.)* If none, write "zero" or "0."  _____

Confirm Proof of Position Enclosed ○

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**
**IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

23

AKAZOO

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 25 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Released Settling Defendant Parties, and the Released Additional Settling Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Settling Defendant Parties and the Released Additional Settling Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Akazoo common stock and/or MMAC common stock identified in the Claim Form and have not assigned the claim against any of the Released Settling Defendant Parties and the Released Additional Settling Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of Akazoo common stock and/or MMAC common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to the claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

24

AKAZOO

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                  Date


_____
Print your name here


_____
Signature of joint claimant, if any                                                            Date


_____
Print your name here


*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____
Signature of person signing on behalf of claimant                                  Date


_____
Print your name here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page 22 of this Claim Form.)

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN SEPTEMBER 23, 2021**, ADDRESSED AS FOLLOWS:

Akazoo S.A. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
www.strategicclaims.net

**OR SUBMITTED ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET BY 11:59 P.M. EST ON SEPTEMBER 23, 2021.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before September 23, 2021, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

Akazoo S.A. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.
2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.
3. Please do not highlight any portion of the Claim Form or any supporting documents.
4. Keep copies of the completed Claim Form and documentation for your own records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. **If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**
6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.
7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you may visit www.strategicclaims.net. Please DO NOT call Akazoo or any of the other Settling Defendants or Additional Settling Parties or their counsel with questions regarding your claim.

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:    IBD Weekly
Address:    12655 Beatrice Street
City, State, Zip:    Los Angeles, CA 90066
Phone #:    310.448.6700
State of:    California
County of:    Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for __AKAZOO S.A.__ was printed in said publication on the following date(s):

**JUNE 7, 2021**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __7th__ day of __June__ , __2021__ , by _____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

Case 1:20-cv-01900-BMC   Document 48-2   Filed 08/03/21   Page 37 of 38 PageID #: 774

# Key Financial And Commodity Futures



## Selected Interest Rates

FED FUNDS RATE
FRB DISCOUNT RATE
3 MO TREASURY BILLS

**Weekly Data**

FED FUNDS
DAILY FROM 05/28/2021

Fed Funds Rate: Rates on overnight loans among financial institutions
Discount Rate: Rate charged by Federal Reserve Bank on loans to commercial banks
3 Month Treasury Bills: Yield for treasury bills traded on discount basis in secondary market



PRIME RATE
10 YR TREASURY BONDS
TAX EXEMPT BONDS

DAILY FROM 05/28/2021

Prime Rate: Rate charged by banks on loans to the most credit-worthy corporations
Tax-Exempt Bonds: Yield of the bond buyer 40 municipal bond index

## U.S. Treasury Yield Curve

Friday 6/4
1 Month Ago 5/4
3 Months Ago 3/3

The yield curve provides a picture of credit market conditions. It depicts the available trade-off between yield and maturity. The chart shown here compares the yield curves for the prior day, month and quarter.

---

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK**

IN RE AKAZOO S.A. SECURITIES LITIGATION    Case No. 1:20-cv-01900-BMC

CLASS ACTION

**SUMMARY NOTICE OF PENDENCY AND
PROPOSED PARTIAL SETTLEMENT OF SECURITIES CLASS ACTION**

TO: All persons and entities who or which (1) purchased or otherwise acquired the publicly traded securities of Akazoo S.A. ("Akazoo") between January 24, 2019 and May 21, 2020, both dates inclusive, including but not limited to, those who purchased or acquired Akazoo securities pursuant to the private placement offering agreement, and were damaged thereby; (2) held common stock of Modern Media Acquisition Corp. ("MMAC") as of August 9, 2019, eligible to vote at MMAC's August 28, 2019 special meeting, and were damaged thereby; and/or (3) purchased or otherwise acquired Akazoo common stock pursuant to or traceable to the company's registration statement and prospectus issued in connection with the September 2019 merger of MMAC and Akazoo Limited, and were damaged thereby (the "Settlement Class").

THIS NOTICE WAS AUTHORIZED BY A COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that the above-captioned litigation (the "Federal Action") has been preliminarily certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of Pendency and Proposed Partial Settlement of Class Action (the "Long Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Federal Action, along with the Plaintiffs in a related action pending in the Superior Court for the State of Georgia, Fulton County, styled Pareja, et al., v. Apostolos N. Zervos, et al., Case No. 2020CV337418 (the "State Action" and together with the Federal Action, the "Class Actions"), have reached a proposed partial settlement of the Class Actions for $4,900,000, plus any Additional Settlement Amount that may be recovered (the "Settlement"). If the Settlement is approved, it will resolve all claims in the Class Actions with respect to the Settling Defendants.

A hearing will be held on September 7, 2021 at 10:00 a.m., before the Honorable Brian M. Cogan at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, to determine: (i) whether the proposed partial Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Federal Action should be dismissed with prejudice against Settling Defendants, and that the Releases specified and described in the Stipulation and Agreement of Partial Settlement, dated April 22, 2021 ("Stipulation") and in the Long Notice should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

If you are a member of the Settlement Class, your rights will be affected by the Settlement, and you may be entitled to share in the Settlement Fund. The Long Notice and Proof of Claim and Release Form ("Claim Form"), as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice), can be downloaded from the website maintained by the Claims Administrator, Strategic Claims Services, www.strategicclaims.net. You may also obtain copies of the Long Notice and Claim Form by contacting the Claims Administrator at Akazoo S.A. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, Tel: (866) 274-4004; Fax: (610) 565-7985; Email: info@strategicclaims.net.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked or electronically submitted no later than September 23, 2021. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Federal Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received no later than August 17, 2021, in accordance with the instructions set forth in the Long Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Federal Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to Class Counsel and Defense Counsel such that they are received no later than August 17, 2021, in accordance with the instructions set forth in the Long Notice.

Please do not contact the Court, the Clerk's office, Akazoo, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

Requests for the Long Notice and Claim Form should be made to:

Akazoo S.A.Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205, Media, PA 19063
Tel: 866-274-4004
www.strategicclaims.net

Inquiries, other than requests for the Long Notice and Claim Form, should be made to Class Counsel:

THE ROSEN LAW FIRM, P.A.      GLANCY PRONGAY & MURRAY LLP
Phillip Kim, Esq.       Casey Sadler, Esq.
275 Madison Avenue, 40th Floor   or   1925 Century Park East, Suite 2100
New York, NY 10016      Los Angeles, California 90067
Tel: (212) 686-1060      Tel: (888) 773-9224

By Order of the Court

---

This announcement is neither an offer to buy nor a solicitation of an offer to sell securities. Such offer is being made solely by the Offer to Purchase provided to shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, shareholders residing in any state in which making or accepting the offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the offer to be made by a licensed broker or dealer, the offer shall be deemed to be made on behalf of the Purchaser only by one or more registered dealers licensed under the laws of such jurisdiction.

**NOTICE OF OFFER TO PURCHASE FOR CASH:
Up to 1,652,893 Shares of common stock of
KBS REAL ESTATE INVESTMENT TRUST II, INC. (the "REIT")
at a price of $1.21 per Share
by: Comrit Investments 1, Limited Partnership (the "Purchaser")**

The Purchaser is offering to purchase for cash up to 1,652,893 shares of common stock ("Shares") of the REIT at a price of $1.21 per Share upon the terms and subject to the conditions set forth in the Purchaser's Offer to Purchase and in the related Assignment Form for the offer (which together constitute the "Offer" and the "Tender Offer Documents"). THE OFFER AND RELATED WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., EASTERN TIME, ON JULY 16, 2021, UNLESS THE OFFER IS EXTENDED. The REIT reported its estimated per Share value of $2.07, representing the REIT's estimated per Share value as of December 31, 2020. The REIT may publish an update to its estimated per Share value during the period in which the Offer is open, including any updates to reflect the impact of the ongoing COVID-19 pandemic. Shareholders should consult the REIT's public filings pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act"), for any such updates, which are available at www.sec.gov. The Purchaser is not affiliated with the REIT and is seeking to profit from the Offer.

Funding for the purchase of the Shares will be provided through the Purchaser's available cash on hand. The Offer is not being made for the purpose of acquiring or influencing control of the business of the REIT. The Offer will expire at 11:59 p.m., Eastern Time on July 16, 2021, unless and until the Purchaser, in its sole discretion, shall have extended the period of time for which the Offer is open (such date and time, as extended the "Expiration Date"). The Purchaser will not provide a subsequent offering period following the Expiration Date. If the Purchaser makes a material change in the terms of the Offer, or if it waives a material condition to the Offer, the Purchaser will extend the Offer and disseminate additional tender offer materials to the extent required by Rules 14d-4(d)(1) and 14d-6(d) under the Exchange Act. The minimum period during which the Offer must remain open following any material change in the terms of the Offer is generally 10 business days to allow for adequate dissemination to shareholders. Accordingly, if prior to the Expiration Date, the Purchaser increases (other than increases of not more than two percent of the outstanding Shares) or decreases the number of Shares being sought, or increases or decreases the consideration offered pursuant to the Offer, and if the Offer is scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, sent or given to shareholders, the Offer will be extended at least until the expiration of such tenth business day. For purposes of the Offer, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Eastern Time. In all cases payment for the Shares purchased pursuant to the Offer will be made only after timely receipt of the Assignment Form (or facsimile or telecopy thereof), properly completed and duly executed, with any required signature guarantees, and any other documents required by such Assignment Form and successful transfer of ownership.

Tenders of Shares made pursuant to the Offer are irrevocable, except that shareholders who tender their Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to Central Trade and Transfer, LLC, an affiliate of Orchard Securities, LLC, Member FINRA/SIPC ("CTT"), a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Form tendering the Shares to be withdrawn. If tendering shareholders tender more than the number of Shares that the Purchaser seeks to purchase pursuant to the Offer, the Purchaser will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering shareholder during the period during which the Offer remains open. The terms of the Offer are more fully set forth in the formal Tender Offer Documents which are available from Purchaser at the Purchaser's expense. The Offer contains terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act which are incorporated herein by reference. The Tender Offer Documents also contain important information, including tax information, which should be read carefully before any decision is made with respect to the Offer.

For copies of the Tender Offer Documents, call CTT at 1-800-327-9990, make a written request addressed to 365 S. Garden Grove Lane, Suite 100, Pleasant Grove, Utah 84062, Attn: Comrit Investments 1, Limited Partnership, email to offer@cttauctions.com, or visit www.cttauctions.com/offerdisclosures.

MarketSmith BY INVESTOR'S BUSINESS DAILY

**Try MarketSmith for 3 weeks, only $19.95**
**800-831-2525 | Investors.com/try**

© 2020 Investor's Business Daily, Inc. Investor's Business Daily, IBD, CAN SLIM, Leaderboard and corresponding logos are registered trademarks owned by Investor's Business Daily, Inc. MarketSmith is a registered trademark of MarketSmith, Incorporated.

---

## Money Rates

**Prime Rate** .................................... **3.25**

Base interest rate charged by major U.S. commercial banks on loans to corporations.

**Fed Funds Target Rate:** ..............**0.00–0.25**

The interest rate at which depository institutions lend reserve balances to other depository institutions overnight on an uncollateralized basis.

**T-Bills:**

1-month yld ........................................ 0.00
3-month Disc. ................................... 0.02

| | |
|---|---|
| 3-month yld | 0.02 |
| 6-month disc | 0.04 |
| 6-month yld | 0.04 |

Treasury Bill (T-Bill) is a short-term U.S. government debt obligation backed by the Treasury Department.

**T-Notes:**

1-year yld ......................................... 0.05
2-year yld ......................................... 0.14
3-year yld ......................................... 0.32
5-year yld ......................................... 0.78
10-year ............................................. 1.56

A Treasury note is a U.S. government debt security with a fixed interest rate.

**T-Bond:**

30-year ............................................. 2.24

Treasury bonds are fixed-rate U.S. government debt securities.

**Libor:**

3-month .......................................... 0.13
6-month .......................................... 0.17

The London Inter-bank Offered Rate. is an interest-rate average calculated from estimates submitted by the leading banks in London.

**Fidelity Cash Reserves:**

7-day avg yld: .................................. 0.01

A money market mutual fund from Fidelity Investments that invests in debt securities characterized by short maturities and minimal credit risk.

**Certificates of Deposit Retail**

90 days ........................................... 0.06
180 days .......................................... 0.09

Interest rate paid by dealers for certificates of deposit based on the duration of the security.



Case 1:20-cv-01900-BMC   Document 48-2   Filed 08/03/21   Page 38 of 38 PageID #: 775

 Gmail

Sarah Evans <sevans@strategicclaims.net>

---

## GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA

1 message

---

**donotreply@globenewswire.com** <donotreply@globenewswire.com>　　　　Mon, Jun 7, 2021 at 8:01 AM
To: sevans@strategicclaims.net
Cc: sevans@strategicclaims.net, lrosen@rosenlegal.com



# Release Distribution Confirmation

## The Rosen Law Firm, P.A. And Glancy Prongay & Murray LLP Announce Proposed Class Action Settlement on Behalf of Purchasers of Publicly Traded Securities of Akazoo S.A. And Holders of Modern Media Acquisition Corp. Common Stock – SONG

**Cross time: 06/07/21 08:00 AM ET: Eastern Time - View release on GlobeNewswire.com**

**This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.**

**If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930**

---

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us