# EXHIBIT 15

12/08/2006 14:39 FAX 212 805 7925          JUDGE ROBERT W. SWEET                    ☑002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE VAN DER MOOLEN HOLDING N.V.    )    Civil Action No. 1:03-CV-8284 (RWS)
SECURITIES LITIGATION                )
                                     )
                                     )

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES

This matter came before the Court for hearing pursuant to an Order of this Court, dated October 6, 2006, on the application of the Parties for approval of the settlement (the "Settlement") set forth in the Stipulation of Settlement, dated as of October 3, 2006 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court finds that Co-Lead Counsels' request for attorneys' fees is fair and reasonable, and that the request is supported by the relevant factors, which have been considered by this Court. The Court finds that the fee request is supported by, *inter alia*, the following:

(a) the Settlement provides for an $8 million cash fund, plus interest, (the "Gross Settlement Fund"); and that Settlement Class Members who file timely and valid claims will benefit from the Settlement created by Co-Lead Counsel;

(b)     the Summary Notice was published over the *Primezone Media Network* newswire; and over 4,800 copies of the Notice were disseminated to putative Settlement Class Members indicating that at the December 6, 2006 hearing, Plaintiffs' Counsel intended to seek up to 33⅓% of the $8 million Gross Settlement Fund in attorneys' fees and to seek reimbursement of their expenses in an amount not to exceed $180,000, plus interest, and no objection was filed against either the terms of the proposed Settlement or the fees and expenses to be requested by Plaintiffs' Counsel;

(c)     Plaintiffs' Counsel have devoted 3,965 hours, with a lodestar value of $1,493,003.66, to achieve the Settlement;

(d)     Co-Lead Plaintiffs faced complex factual and legal issues in this Action, which they have actively prosecuted for almost three years, and in the absence of a Settlement, would be required to overcome many complex factual and legal issues;

(e)     if Co-Lead Counsel had not achieved the Settlement, there was a risk of either nonpayment or of achieving a smaller recovery;

(f)     Co-Lead Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

(g)     the amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are consistent with the awards in similar cases; and

(h)     public policy considerations support encouraging the legal community to continue to undertake similar litigations.

4.     Plaintiffs' Counsel are hereby awarded 33⅓% of the Gross Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $ 125,657.44 in reimbursement of their reasonable expenses, incurred in the course of prosecuting this action, from the Gross Settlement Fund, together with interest from the date the Settlement Fund was funded to the date of payment at the same net rate that the

2

Settlement Fund earns. The above amounts shall be paid to Co-Lead Counsel pursuant to the terms of the Stipulation, from the Gross Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Action.

5.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Settlement Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Parties shall be returned to the *status quo ante*.

Dated: New York, New York, 2006

THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

Submitted by:

**LABATON SUCHAROW & RUDOFF LLP**
Lynda J. Grant (LJG-4784)
Michael S. Marks (MM-0475)
100 Park Avenue
New York, NY 10017
Tel: (212) 907-0700
Fax: 818-0477

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

3

12/08/2006 14:40 FAX 212 805 7925        JUDGE ROBERT W. SWEET                    ☒005

SCHIFFRIN & BARROWAY, LLP
David Kessler
Eric Lechtzin
Kay E. Sickles
280 King of Prussia Rd.
Radnor, PA 19087
Tel: 610.667.7706
Fax: 610.667.7056

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

4