# EXHIBIT 16

Case 1:18-cv-09001-CM-KNF Document 48-16 Filed 08/03/21/24 Page 2 of 12 PageID #: 969

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 3-20-2018

IN RE CNOVA N.V. SECURITIES
LITIGATION

MASTER FILE
16 CV 444-LTS

This Document Relates To: All Actions

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing pursuant to this Court's Order Granting Preliminary Approval of Settlement, Granting Conditional Class Certification, and Providing for Notice dated October 11, 2017 ("Preliminary Approval Order"), and the Court having received declarations attesting to the mailing of the Notice and the publication of the Publication Notice in accordance with the Preliminary Approval Order, on the application of Lead Plaintiffs and Defendants for approval of the settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated as of September 20, 2017 ("Stipulation"), the proposed Plan of Allocation of the Settlement proceeds, Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, and interim reimbursement of notice and administration expenses and, following a hearing on March 15, 2018 before this Court to consider the applications, all supporting papers and arguments of Lead Plaintiffs and Defendants, and other proceedings held herein, as well as for the reasons stated on the record by the Court at the hearing before the Court on March 15, 2018, and good cause appearing therefore,

**IT IS HEREBY ADJUDGED, DECREED AND ORDERED:**

1.      This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein defined in the Stipulation shall have the same meanings as set forth in

the Stipulation unless specifically set forth differently herein. The terms of the Stipulation are fully incorporated in this Final Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Class Members.

3. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and Lead Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, as directed by this Court's Preliminary Approval Order, and that the forms and methods for providing such notice to Class Members:

(a) constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort;

(b) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this class action and the right to exclude themselves from the Class; (ii) their right to object to any aspect of the proposed Settlement, including the terms of the Stipulation and the Plan of Allocation; (iii) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Class; and (iv) the binding effect of the proceedings, rulings, orders and judgments in this Action, whether favorable or unfavorable, on all Persons and entities who are not excluded from the Class;

(c) was reasonable and constituted due, adequate, and sufficient notice to all Persons and entities entitled to be provided with notice; and

(d) fully satisfied all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws.

2

4.     Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby grants final certification of the Class consisting of all Persons that purchased Cnova N.V. ordinary shares from November 19, 2014 through February 23, 2016, inclusive (the "Class Period"), issued pursuant and/or traceable to Cnova's Registration Statement, which incorporated the Prospectus that was filed pursuant to Rule 424(b)(4) on November 21, 2014, in connection with Cnova N.V's initial public offering on or about November 19, 2014. Excluded from the Class are (i) Defendants; (ii) the officers and directors of Defendants; (iii) Casino Guichard Perrachon SA; (iv) the officers and directors of any excluded Person; (v) members of the immediate family of any excluded Person; the legal representatives, agents, heirs, successors, subsidiaries, affiliates or assigns of any excluded Person; and (vi) any other Person in which any excluded Person has a beneficial ownership interest and had contractual control over the operations and/or management of such other Person during the Class Period to the extent of the excluded Person's beneficial ownership interest in such Person.

5.   With respect to the Class, the Court finds that:

(a)     the Class satisfies all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

i.     the members of the Class are so numerous that joinder of all members is impracticable;

ii.    there are questions of law and fact common to the Class;

iii.   the claims and defenses of the representative parties are typical of the Class; and

iv.    the representative parties will fairly and adequately protect the interests of the Class.

3

(b)    In addition, the Court finds that the Action satisfies the requirement of Rule 23(b)(3) of the Federal Rules of Civil Procedure in that there are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(c)    The Court finds that Lead Plaintiffs Michael Schwabe and Jaideep Khanna have claims that are typical of the claims of other Class Members and that they have and will adequately represent the interest of Class Members and appoints them as the representatives of the Class, and appoints Plaintiffs' Lead Counsel, Brower Piven, A Professional Corporation, as Class Counsel.

6.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement, and all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiffs and all Class Members based on, among other things: the Settlement resulted from arm's-length negotiations between the Lead Plaintiffs and Defendants and/or their counsel; the amount of the recovery for Class Members being well within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; and the recommendation of the Lead Plaintiffs and Defendants, in particular experienced Plaintiffs' Lead Counsel. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and

4

conditions. The parties are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this Final Judgment in this Action.

7.      This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable. The Court directs the Claims Administrator, under the supervision of Lead Counsel, to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Class Members, as provided in the Stipulation and Plan of Allocation.

8.      This Court hereby awards and directs payment as provided in the Stipulation to Plaintiffs' Lead Counsel reimbursement of their out-of-pocket litigation expenses in the amount of $163,778.44, and attorneys' fees equal to thirty-three and one-third percent (33 1/3 %) of the Settlement Fund, with interest to accrue on all such amounts at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Final Judgment to the date of actual payment of said attorneys' fees and expenses to Plaintiffs' Lead Counsel as provided in the Stipulation. The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed and costs incurred by Plaintiffs' Lead Counsel; (b) the complexity of the case; (c) the risks undertaken by Plaintiffs' Lead Counsel and the contingent nature of their employment; (d) the quality of the work performed by Plaintiffs' Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; and (f) the very substantial benefits achieved for Class Members through the Settlement. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by

Plaintiffs' Lead Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members.

9. Plaintiffs' Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members to the extent any such application combined with the award of attorneys' fees granted in paragraph 9 above does not exceed thirty-three and one-third (33 1/3) percent of the Settlement Fund.

10. All payments of attorneys' fees and reimbursement of expenses to Plaintiffs' Lead Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of any of Plaintiffs' Lead Counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

11. Pursuant to the Preliminary Approval Order, any putative Class Member had the right to request exclusion from the Class or object to any aspect of the Settlement, Plan of Allocation and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees equal to one-third of the settlement Fund and reimbursement of expenses not to exceed $400,000, by requesting such exclusion from the Class or asserting such objection(s), in writing, in the manner provided for by the Preliminary Approval Order. Over 9,600 copies of the Notice were sent to prospective Class Members. In response, not a single putative Class Member has, timely or untimely, requested exclusion from the Class or objected to any aspect of the Settlement, Plan of Allocation and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees or reimbursement of expenses as set forth in the Notice. Accordingly, pursuant to Rule 23(c)(3) of

6

the Federal Rules of Civil Procedure, all Class Members are bound by this Final Judgment and by the terms of the Stipulation.

12.     The Releasing Parties, whether or not such Person executes and delivers a Proof of Claim or otherwise shares in the Settlement Fund, (a) shall be deemed by operation of law to have fully, finally and forever, released, relinquished, waived, dismissed and forever discharged each and every Released Claim against the Released Parties, and (b) shall forever be enjoined from prosecuting, commencing, or instituting, either directly or indirectly, or assisting in the commencement or prosecution of, whether in the United States or elsewhere, any Released Claim against any Released Party. The Released Parties are deemed to fully, finally and forever release, relinquish and discharge the Released Defendants' Claims against Lead Plaintiffs and/or Plaintiffs' Lead Counsel.

13.     Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), as codified at 15 U.S.C. § 78u-4(f)(7)(A), every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in the Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law.

7

14.     The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the parties as against the others.

15.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be offered, received or deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties with respect to the truth of any fact asserted in this Action or the validity of any claim that had been or could have been asserted in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties; or (b) is or may be offered, received or deemed to be or may be used as an admission of, or evidence of, any fault, negligence, wrongdoing or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) may be offered, received or is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein; or (d) may be construed against the Released Parties or any Class Member as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.  Defendants and/or the other Released Parties may file the Stipulation and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Court finds that

8

during the course of the Action, Lead Plaintiffs, Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. The Court finds that, pursuant to the Class Action Fairness Act of 2005, the Defendants provided timely and adequate notice of this Settlement to the appropriate state and federal officials.

17. Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining applications for payment of attorneys' fees and/or expenses incurred by Plaintiffs' Lead Counsel in connection with administration and distribution of the Net Settlement Fund; (d) payment of taxes by the Settlement Fund; (e) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

18. Neither appellate review nor modification of the Plan of Allocation set forth in the Notice, nor any action in regard to the award of attorneys' fees and/or reimbursement of expenses to Plaintiffs' Lead Counsel and/or the award of costs and expenses to Lead Plaintiffs, shall affect the finality of any other portion of this Final Judgment, and each shall be considered separate for the purposes of appellate review of this Final Judgment.

19. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all

9

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20.     This Final Judgment and Order is a final judgment in the Action as to all claims asserted. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.


Dated: March 9 , 2018


_____
HONORABLE  LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE