# EXHIBIT 18

COURTESY COPY

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BENJAMIN MICHAEL MERRYMAN, AMY WHITAKER MERRYMAN TRUST, AND B MERRYMAN AND A MERRYMAN 4TH GENERATION REMAINDER TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP, INC., CITIBANK, N.A., and CITIGROUP GLOBAL MARKETS INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-09185-CM-KNF<br><br> |

## [~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

WHEREAS, this matter came on for hearing on July 12, 2019 (the "Final Approval Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the forms approved by the Court was provided to the Class as directed, including mailed notice to Registered Holder Damages Class Members identified in the records of the Depositary's transfer agent, and an extensive multi-media notice campaign to Class Members consisting of targeted advertising to certain potential Class Members using Internet Protocol address matching, publications in various magazines, newspapers, and investment e-newsletters, as well as banner ads served over a variety of business, news, and investment websites and across social media

platforms; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated August 20, 2018 (ECF No. 131) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Litigation, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Notice** – Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was provided by mailed Postcard Notice to Registered Holder Damages Class Members and to Class Members through an extensive multi-media notice campaign. The forms and methods of notifying the Class of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses satisfied the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. **Fee and Expense Award** – Lead Counsel is hereby awarded attorneys' fees in the amount of 33 1/3 % of the Settlement Fund and $ 678,434.41 in reimbursement of Litigation Expenses, which sums the Court finds to be fair and reasonable. The attorneys' fees and expenses awarded will be paid to Lead Counsel from the Settlement Fund in accordance with the terms of

2

the Stipulation and in accordance with Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 152).

4.   **Factual Findings** – In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.   The Settlement provides for a recovery of $14,750,000 in cash as well as injunctive relief. The $14,750,000 cash portion of the Settlement has been funded into escrow pursuant to the terms of the Stipulation, and numerous Class Members will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

b.   The fee sought by Lead Counsel has been reviewed and approved as reasonable by Plaintiffs, who oversaw the prosecution and resolution of the Litigation;

c.   Notice was provided informing Class Members that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $800,000, which amount may include a request for Service Awards to Plaintiffs up to an aggregate amount of $25,000;

d.   Plaintiffs' Counsel have conducted the Litigation and achieved the Settlement with skillful and diligent advocacy;

e.   The Litigation raised a number of complex and novel issues;

f.   Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the other members of the Class may have recovered less or nothing from the Defendant;

g.   Lead Counsel devoted over 8,000 hours, with a lodestar value of $3,738,965.75, to achieve the Settlement;

3

h.    The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

i.    There have been no objections to Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.

5.    **Service Awards** – Plaintiffs are hereby awarded service awards in connection with their representation of the Class as follows: $ 20,000 __ to Benjamin Michael Merryman, Amy Whitaker Merryman Trust, and B Merryman and A Merryman 4th Generation Remainder Trust; $ 2,500 __ to Chester County Employees Retirement Fund; and $ 2,500 __ to Stephen Hildreth.

6.    **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Order and Final Judgment.

7.    **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

8.    **Termination of Settlement** – In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

4

9.   **Entry of Order** – There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this ___/2___ day of ___July_____, 2019.

_____

The Honorable Colleen McMahon
United States District Judge