# EXHIBIT 24

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PASHA ANWAR, *et al.*,

                Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, *et al.*,

                Defendants.

This Document Relates To: 09-cv-118 (VM)

Master File No. 09-cv-118 (VM) (FM)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/13

### FINAL JUDGMENT AND ORDER AWARDING FEES AND EXPENSES

This matter came before the Court for hearing on March 22, 2013 pursuant to the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement ("Preliminary Approval Order"), dated November 30, 2012 (Dkt. No. 1008), on the application of the Representative Plaintiffs for approval of the Settlement set forth in the Stipulation of Settlement dated as of November 6, 2012 (Dkt. No. 996), as modified by the Amendment to Stipulation of Settlement dated December 12, 2012, so ordered on December 13, 2012 (Dkt. No. 1012), and the letter to the Court dated January 23, 2013 from counsel for the Settling Parties, so ordered on January 24, 2013 (Dkt. No. 1022) (collectively, the "Stipulation"), and the petition, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and reimbursement of expenses, and awards to the Representative Plaintiffs. Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    This Final Judgment and Order Awarding Fees and Expenses (the "Final Fee and Expense Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.    This Court has previously entered a Final Judgment and Order of Dismissal With Prejudice, among other things, approving the Settlement set forth in the Stipulation and finding that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Representative Plaintiffs, the Settlement Class and each of the Settlement Class Members.

3.    The Court hereby grants Plaintiffs' Lead Counsel attorneys' fees of 25% of the $50,250,000 Initial Settlement Amount and expenses in an amount of $1,279,242, together with the interest earned thereon for the same time period and at the same rate as that earned on the Initial Settlement Amount. Said fees shall be allocated by Plaintiffs' Lead Counsel in a manner which, in their good-faith judgment, reflects each Plaintiff's Counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable under the percentage-of-recovery method and the factors described in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Those factors include the following: the (i) time and labor expended by Plaintiffs' Counsel; (2) the magnitude and complexities of the Action; (3) the risk of continued litigation; (4) the quality of representation; (5) the requested fee in relation to the Settlement; (6) the experience and ability of the attorneys; (7) awards in similar cases; (8) the contingent nature of the representation and the result obtained for the Settlement Class; and (9) public policy considerations. *See Goldberger,* 209 F.3d at 50.

4.    The Court hereby grants the Representative Plaintiffs reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class (including, where applicable, an incentive award), together with the interest earned

2

thereon for the same time period and at the same rate as that earned on the Initial Settlement Amount:

    i.    Pacific West Health Medical Center Employees Retirement Trust (in the amount of $50,000);

    ii.    Harel Insurance Company Ltd. (in the amount of $30,000);

    iii.    Martin and Shirley Bach Family Trust (in the amount of $25,000);

    iv.    Natalia Hatgis (in the amount of $25,000);

    v.    Securities & Investment Company Bahrain (in the amount of $45,000);

    vi.    Dawson Bypass Trust (in the amount of $25,000); and

    vii.    St. Stephen's School (in the amount of $25,000).

5. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Lead Counsel and the Representative Plaintiffs from the Initial Settlement Amount, together with interest accrued on such amount from the date of such order to the date of payment at the same rate as earned on the Initial Settlement Amount, subject to the terms, conditions, and obligations of the Stipulation.

6. The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).

7. Without affecting the finality of this Final Judgment in any way, exclusive jurisdiction is hereby retained over the Settling Parties, the FG Defendants, and the Settlement Class Members for all matters relating to the Action, including (i) the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, (ii) disposition of the Initial Settlement Amount and/or Escrow Fund; and (iii) the award of attorneys' fees, costs, interest, and

reimbursement of expenses in the Action.

DATED: 27 March 2013

The Honorable Victor Marrero
United States District Judge

4