**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AKAZOO S.A. SECURITIES LITIGATION | Case No. 1:20-cv-01900-BMC <br><br> <u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE**
**PROPOSED PARTIAL SETTLEMENT AND THE PLAN OF ALLOCATION; AND**
**(II) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**
<u>**AND REIMBURSEMENT OF LITIGATION EXPENSES**</u>

Lead Plaintiffs Tim Caldwell, Sharon Caldwell, Nikolaos Poulakis, and John Pullen (collectively, "Federal Plaintiffs"), and plaintiffs Eva Pareja and Greg Sweet, plaintiffs in the parallel State Action (collectively, the "State Plaintiffs" and together with Federal Plaintiffs, "Plaintiffs"), and The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP (collectively, "Class Counsel"), respectfully submit this memorandum in further support of: (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 44, the "Final Approval Motion"); and (2) Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 46, the "Fee and Expense Motion").[1]  This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there has not been a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, including reimbursement to Plaintiffs, or a single request for exclusion.

## I.   PRELIMINARY STATEMENT

Following over a year of multi-jurisdictional litigation, which included an extremely complicated multi-party mediation process facilitated by a well-respected mediator over the course of several weeks, Plaintiffs submitted a $4.9 million all cash, non-reversionary *partial* settlement for Court approval.  The Settlement Class's reaction confirms that the Settlement, which equates to 54.4% of the Settlement Class's *maximum* recoverable class-wide aggregate damages, is an excellent result.  Following an extensive notice program, including the mailing of

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Partial Settlement dated April 22, 2021 (ECF No. 32, "Stipulation") or the Joint Declaration of Phillip Kim and Casey E. Sadler in Support of: (1) Plaintiffs' Motion for Final Approval of Partial Class Action Settlement and Plan of Allocation; and (2) Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 48) ("Joint Declaration"). Unless otherwise indicated, all emphasis is added and quotations and citations are omitted.

2,988 copies of the Postcard Notice to potential Settlement Class Members and nominees, and emailed links of the Long Notice and Claim Form to an additional 1,525 potential Settlement Class Members, not a single objection has been filed, nor a single request for exclusion received.[2]  The Settlement Class's positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees and reimbursement of Litigation Expenses.

Accordingly, for all the reasons set forth herein, and in the opening papers filed with the Court on August 3, 2021, the Final Approval Motion and the Fee and Expense Motion should be granted.

**II.    THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES**

**A.    The Court-Approved Notice Program**

In accordance with the Court's Order Preliminarily Approving Partial Class Action Settlement and Providing for Notice (ECF No. 36), as of August 31, 2021, the Claims Administrator, Strategic Claims Services ("SCS"), under the supervision of Class Counsel, mailed 2,988 copies of the Postcard Notice to potential Settlement Class Members and nominees. *See* Suppl. Evans Decl. at ¶3.  An additional 1,525 potential Settlement Class Members received notice by a Nominee Account Holder that emailed its customers to notify them about the partial Settlement and were provided with direct links to the Long Notice and Claim Form on the Settlement webpage.  *Id*., at ¶5.

Moreover, Summary Notice was published in *Investor's Business Daily* and transmitted over *GlobeNewswire* on June 7, 2021.  *Id*., at ¶6. Additionally, the Long Notice, Claim Form,

---

[2] *See* Supplemental Declaration of Sarah Evans Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Suppl. Evans Decl.") at ¶¶3, 5, being filed concurrently herewith.

Stipulation, Preliminary Approval Order, Final Approval Motion, Fee and Expense Motion, and Joint Declaration, with exhibits, were posted on the dedicated settlement webpage (https://www.strategicclaims.net/akazoo).   *Id*., at ¶8.   The Postcard Notice, Long Notice, and Summary Notice informed Settlement Class Members of the deadline to submit an objection to the Settlement, Plan of Allocation or fee and expense application, or request exclusion from the Settlement Class.

On August 4, 2021, the Court rescheduled the Settlement Hearing from September 7, 2021 to September 9, 2021.  Accordingly, the deadline to request exclusion from or object to the partial Settlement was changed from August 17, 2021 to August 19, 2021.[3]   Class Counsel instructed SCS to update the Settlement webpage to reflect the new deadlines. SCS made these changes to the Settlement webpage on August 4, 2021.  Suppl. Evans Decl. at ¶9.[4]

On August 3, 2021, sixteen (16) days prior to the updated objection deadline, Plaintiffs and Class Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense application, including reimbursement to Plaintiffs.   The motions were supported by the declarations of Plaintiffs, Class Counsel, and the Claims Administrator.  These papers are available on the public docket and on the Settlement website.  *See* ECF Nos. 44-48; Suppl. Evans Decl. at ¶8.

Following this extensive notice program, not a single Settlement Class Member has requested exclusion from the Settlement Class, and there has not been a single objection to the Settlement, the Plan of Allocation, the request for attorneys' fees, the request for reimbursement

---

[3]  The Preliminary Approval Order stated that the deadline for requests for exclusion and objections were due twenty-one calendar days before the Settlement Hearing. (ECF No. 36 at ¶¶12, 15-16).

[4]  On August 26, 2021, Class Counsel instructed SCS to update the Settlement website to state that the Settlement Hearing would be held virtually and to provide the dial-in instructions to access the Settlement Hearing. Suppl. Evans Decl. at ¶10.

of expenses, or the request that the Plaintiffs be reimbursed for their work litigating this action. *See* Suppl. Evans Decl. at ¶¶11-12.

> **B.      The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Request**

Plaintiffs and Class Counsel respectfully submit that the overwhelmingly positive response from the Settlement Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See, e.g.*, *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006) ("Lack of objection is strong evidence of the settlement's fairness."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM)(PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 MDL 1484(JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the absence of any objections from Settlement Class Members to the Fee and Expense Motion, including Plaintiffs' request for reimbursement of their costs and expenses

incurred as a direct result of their representation of the Settlement Class pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u–4(a)(4); 15 U.S.C. §77z-1(a)(4)), supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."); *see also In re Crazy Eddie Sec. Litig.,* 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness).  In sum, the universally favorable reaction of the Settlement Class is strong evidence that the partial Settlement is fair, reasonable and adequate and in the best interests of the Settlement Class, that the proposed Plan of Allocation of the Settlement proceeds is fair and equitable, and that Class Counsel's fee and expense request is reasonable.

## III.    CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Class Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of Litigation Expenses.[5]

---

[5] The Settlement is conditioned on the entry of the [Proposed] Final Order and Partial Judgment submitted to the Court. *See* Stipulation, ¶¶ 10.1, 10.3. The [Proposed] Final Order and Partial Judgment is submitted concurrently herewith.

Dated: September 2, 2021                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           */s/ Phillip Kim*
                                           Phillip Kim
                                           Laurence M. Rosen
                                           Erica L. Stone
                                           275 Madison Avenue, 40th Floor
                                           New York, New York 10016
                                           Telephone: (212) 686-1060
                                           Facsimile: (212) 202-3827
                                           Email:  pkim@rosenlegal.com
                                           Email:  lrosen@rosenlegal.com
                                           Email:  estone@rosenlegal.com

                                           **GLANCY PRONGAY & MURRAY LLP**
                                           Casey E. Sadler (admitted *pro hac vice*)
                                           Joseph Cohen (admitted *pro hac vice*)
                                           1925 Century Park East, Suite 2100
                                           Los Angeles, California 90067
                                           Telephone: (310) 201-9150
                                           Facsimile: (310) 201-9160
                                           Email:  csadler@glancylaw.com
                                           Email:  jcohen@glancylaw.com

                                           *Class Counsel for the Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Phillip Kim*