**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE AKAZOO S.A. SECURITIES LITIGATION | Case No. 1:20-cv-01900-BMC<br><br>CLASS ACTION |

**[PROPOSED] ORDER APPROVING**
**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

This matter came on for hearing on September 9, 2021 (the "Settlement Hearing") on Plaintiffs' motion to determine whether the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") created by the partial Settlement achieved in the above-captioned class action (the "Action") should be approved. The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was provided to all Settlement Class Members who or which could be identified with reasonable effort, and that a publication notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *GlobeNewswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Partial Settlement dated April 22, 2021 (ECF No. 32, the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the

Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1(a)(7); 15 U.S.C. §78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      At least 2,988 copies of the Postcard Notice, directing Settlement Class Members to the Long Notice—which included the Plan of Allocation—online at www.strategicclaims.net/akazoo, were mailed to potential Settlement Class Members and nominees and 1,525 emails containing links to the Long Notice and Claim Form on the Settlement website were emailed to potential Settlement Class Members by a nominee.  No objections to the Plan of Allocation have been received.

5.      The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation disseminated to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund with due consideration having been given to administrative convenience and necessity.

6.      The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Class.

7.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

SO ORDERED this _____ day of _____, 2021.

_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE