# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AKAZOO S.A. SECURITIES LITIGATION | Case No. 1:20-cv-01900-BMC <br><br> CLASS ACTION |

**[PROPOSED] ORDER PRELIMINARILY**
**APPROVING PARTIAL CLASS ACTION SETTLEMENT**
**AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *In re Akazoo S.A. Securities Litigation*, Case No. 1:20-cv-01900-BMC (the "Action");

WHEREAS, (a) plaintiffs Tim Caldwell, Sharon Caldwell, Nikolaos Poulakis, and John Pullen who were appointed Lead Plaintiffs in the Federal Action ("Federal Plaintiffs") and plaintiffs Eva Pareja and Greg Sweet, plaintiffs in the State Action ("State Plaintiffs" and together with Federal Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) defendant Crowe U.K, LLP ("Settling Defendant" or "Crowe"), have entered into a Stipulation and Agreement of Partial Settlement dated July 20, 2022 (the "Stipulation"), that embodies the terms and conditions of the partial settlement of the Action (the "Crowe Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Crowe Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Crowe Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed partial Settlement, a Settlement Class in the Action consisting of all persons and entities who or which: (i) purchased or otherwise acquired the publicly traded securities of Akazoo

1

between January 24, 2019 and May 21, 2020, both dates inclusive (the "Settlement Class Period"), including but not limited to, those who purchased or acquired Akazoo securities pursuant to the private placement offering agreement ("PIPE Financing"), and were damaged thereby; (ii) held common stock of Modern Media Acquisition Corp. ("MMAC") as of August 9, 2019, eligible to vote at MMAC's August 28, 2019 special meeting, and were damaged thereby; and/or (iii) purchased or otherwise acquired Akazoo common stock pursuant or traceable to the Company's registration statement and prospectus issued in connection with the September 2019 merger of MMAC and Old Akazoo, and were damaged thereby.  Excluded from the Settlement Class are the Susman Godfrey PIPE, SPAC, and Retail Investors, EarlyBirdCapital, RSM US LLP, Grant Thornton, Deloitte, BDO, AGK Partners, Akazoo Insurers, and Cowen Investments; Crowe; Previous Settling Parties and their Immediate Family members; Zervos and his Immediate Family members; the past and current executive officers and directors of Akazoo; the past and current officers, directors and partners of Crowe; any trust of which Zervos or Settling Defendant or any Previous Settling Party is the settlor or which is for the benefit of Zervos or Settling Defendant or any Previous Settling Party; the legal representatives, heirs, predecessors, successors, affiliates, parents, subsidiaries, officers, directors, members, managers, partners, general partners, or assigns of any excluded person or entity; and any entity in which any of the above excluded persons have or had a majority ownership interest.  Also excluded will be any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

2.      **Class Findings** – Solely for purposes of the proposed partial Settlement, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law

2

and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel (defined below) have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of Settlement only, the Plaintiffs are certified as class representatives on behalf of the Settlement Class ("Class Representatives").  The Court also appoints The Rosen Law Firm, P.A., Court-appointed Lead Counsel in the Action, and Glancy Prongay & Murray LLP, additional counsel in the Action, as Class Counsel for the Settlement Class ("Class Counsel") pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement/Settlement Hearing** – The Court finds that: (a) the Crowe Settlement memorialized in the Stipulation resulted from good faith, arm's-length negotiations; and (b) the Crowe Settlement memorialized in the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Crowe Settlement to Settlement Class Members and holding a Settlement Hearing.

5.      The Court hereby preliminarily approves the Crowe Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rules of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 2022 at __:___ _.m. for the following purposes:

(a)      to determine finally whether the applicable prerequisites for class action treatment of the Action under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

3

(b)      to determine whether the proposed Crowe Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court;

(c)      to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Settling Defendant;

(d)      to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)      to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and

(f)      to consider any other matters that may properly be brought before the Court in connection with the Crowe Settlement.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Crowe Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may choose to hold the Settlement Hearing via telephone conference or video conference without further notice to the Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Crowe Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Crowe Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

(a)      not later than ten (10) Business Days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice,

4

substantially in the form attached hereto as Exhibit A-4, to be mailed by first-class mail to each known Settlement Class Member guided by efforts to locate class members already undertaken as regards to the Akazoo Settlement, which comprises the same class period as this Crowe Settlement;

(b)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Long Notice, substantially in the form of Exhibit A-1 to the Stipulation, and the Claim Form, substantially in the form of Exhibit A-2 to the Stipulation, to be posted on the webpage dedicated to the Akazoo and Crowe Settlements, www.strategicclaims.net/akazoo, from which copies of the Long Notice and Claim Form can be downloaded;

(c)     not later than ten (10) Business Days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *Globe Newswire*; and

(d)     not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defense Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Long Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Long Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 6 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the

5

Action, of the effect of the proposed Crowe Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Crowe Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Long Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Akazoo common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Claims Administrator's notice of the Crowe Settlement, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the Claims Administrator's mailed or emailed notice of the Crowe Settlement, request a link to the Long Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Claims Administrator's mailed or emailed notice of the Crowe Settlement, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in

which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order up to a maximum of $0.05 per name and address provided to the Claims Administrator; up to $0.05 per Postcard Notice actually mailed, plus postage at the rate used by the Claims Administrator; or up to $0.05 per link to the Long Notice and Claim Form transmitted by email.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement** – Settlement Class Members who previously submitted a valid and timely Proof of Claim in the Akazoo Settlement will not be required to re-submit their claims, and the Claims Administrator shall use the prior Proofs of Claim for this Crowe Settlement.  Settlement Class Members who did not already submit a valid and timely Proof of Claim for the Akazoo Settlement, and who wish to participate in the Crowe Settlement in order to be eligible to receive a distribution from the Net Settlement Fund, must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be either: (1) postmarked no later than sixty (60) calendar days after the Notice Date; or (2) electronically submitted through the Claims Administrator's website, www.strategicclaims.net/akazoo, by 11:59 p.m. EST, sixty (60) calendar days after the Notice Date.  Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have

7

submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Crowe Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Settling Defendant Parties and Released Additional Settling Parties, as more fully

8

described in the Stipulation and Long Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

13.    **Participation in the Settlement** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Long Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Akazoo S.A. Securities Litigation.,* EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (b) each request for exclusion must: (i) state the name, address, telephone number, and email address (if any) of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Akazoo S.A. Securities Litigation.,* Case No. 1:20-cv-01900-BMC (E.D.N.Y.)"; (iii) state the number of shares of Akazoo common stock and/or Modern Media Acquisition Corp. common stock that the person or entity requesting exclusion purchased/acquired/sold and/or held during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (c) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Crowe Settlement or any

orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Crowe Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any Released Settling Defendant Party, as more fully described in the Stipulation and Long Notice.

16. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Crowe Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Crowe Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of

10

Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed

Settlement, the proposed Plan of Allocation and/or Class Counsel's motion for attorneys' fees and

reimbursement of Litigation Expenses should not be approved; *provided, however*, that no

Settlement Class Member shall be heard or entitled to contest the approval of the terms and

conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for

attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a

written objection with the Court and served copies of such objection on Class Counsel and Counsel

for the Settling Defendants at the addresses set forth below such that they are received no later

than twenty-one (21) calendar days prior to the Settlement Hearing.

<u>CLASS COUNSEL</u>

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016

GLANCY PRONGAY & MURRAY LLP
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

<u>COUNSEL FOR SETTLING DEFENDANT:</u>

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
Peter J. Larkin
1133 Westchester Avenue
White Plains, NY 10604

18.     Any objections, filings and other submissions by the objecting Settlement Class

Member: (a) must state the name, address, telephone number, and email address (if any), of the

person or entity objecting and must be signed by the objector; (b) must contain a statement of the

Settlement Class Member's objection or objections, and the specific reasons for each objection,

including any legal and evidentiary support the Settlement Class Member wishes to bring to the

Court's attention; and (c) must include documents sufficient to prove membership in the

Settlement Class, including the number of shares of Akazoo common stock and/or Modern Media

Acquisition Corp. common stock that the objecting Settlement Class Member purchased/acquired/sold and/or held during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Crowe Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Crowe Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Crowe Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Released Settling Defendant Parties.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in notifying Settlement Class Members of the Crowe Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Crowe Settlement is terminated as provided in the Stipulation, the Crowe Settlement is not approved, or the Effective Date of the Crowe Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Settling Defendant shall revert to their positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

25.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Crowe Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any Released Settling Defendant Party as

13

evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any Released Settling Defendant Party with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any Released Settling Defendant Party or in any way referred to for any other reason as against any Released Settling Defendant Party, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Settling Defendant Parties had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Crowe Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Crowe Settlement.

26.    **<u>Supporting Papers</u>** – Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Class Counsel's motion for an

award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Crowe Settlement.


Dated: _____, 2022                    _____
                                            HON. BRIAN M. COGAN
                                            UNITED STATES DISTRICT JUDGE

15