# EXHIBIT B

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE AKAZOO S.A. SECURITIES LITIGATION | Case No. 1:20-cv-01900-BMC<br><br>CLASS ACTION |

**[PROPOSED] FINAL ORDER AND PARTIAL JUDGMENT**

WHEREAS, a consolidated class action is pending in this Court entitled *In re Akazoo S.A. Securities Litigation*, Case No. 1:20-cv-01900-BMC (the "Action");

WHEREAS, (a) plaintiffs Tim Caldwell, Sharon Caldwell, Nikolaos Poulakis, and John Pullen who were appointed Lead Plaintiffs in the Federal Action ("Federal Plaintiffs") and plaintiffs Eva Pareja and Greg Sweet, plaintiffs in the State Action ("State Plaintiffs" and together with the Federal Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) defendant Crowe U.K, LLP ("Settling Defendant" or "Crowe"), have entered into a Stipulation and Agreement of Partial Settlement dated July 20, 2022 (the "Stipulation"), that embodies the terms and conditions of the partial settlement of the Action (the "Crowe Settlement");

WHEREAS, unless otherwise defined in this Final Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2022 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Settling Defendant; and

1

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Crowe Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Crowe Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members solely for purposes of implementing and enforcing the Crowe Settlement.

2.      **Incorporation of Settlement Documents** – This Final Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on July __, 2022; and (b) the Long Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on July __, 2022.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who or which: (i) purchased or otherwise acquired the publicly traded securities of Akazoo between January 24, 2019 and May 21, 2020, both dates inclusive (the "Settlement Class Period"), including but not limited to, those who purchased or acquired Akazoo securities pursuant to the private placement offering agreement, and were damaged thereby; (ii) held common stock of Modern Media Acquisition Corp. ("MMAC") as of August 9, 2019, eligible to vote at MMAC's August 28, 2019 special meeting, and were damaged thereby; and/or (iii) purchased or otherwise acquired Akazoo common stock pursuant or traceable to the Company's registration statement and prospectus issued

2

in connection with the September 2019 merger of MMAC and Old Akazoo, and were damaged thereby. Excluded from the Settlement Class are the Susman Godfrey PIPE, SPAC, and Retail Investors, EarlyBirdCapital, RSM US LLP, Grant Thornton, Deloitte, BDO, AGK Partners, Akazoo Insurers, and Cowen Investments; Crowe; Previous Settling Parties and their Immediate Family members; Zervos and his Immediate Family members; the past and current executive officers and directors of Akazoo; the past and current officers, directors and partners of Crowe; any trust of which Zervos or Settling Defendant or any Previous Settling Party is the settlor or which is for the benefit of Zervos or Settling Defendant or any Previous Settling Party; the legal representatives, heirs, predecessors, successors, affiliates, parents, subsidiaries, officers, directors, members, managers, partners, general partners, or assigns of any excluded person or entity; and any entity in which any of the above excluded persons have or had a majority ownership interest. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing The Rosen Law Firm, P.A., Court-appointed Lead Counsel in the Action, and Glancy Prongay & Murray LLP, additional counsel in the Action, as Class Counsel for the Settlement Class, finding that they have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Long Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under

3

the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of the Action; (ii) the effect of the proposed Crowe Settlement (including the Releases to be provided thereunder); (iii) Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Crowe Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended, and all other applicable law and rules

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Crowe Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Crowe Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Settling Defendant in the Action), and finds that the Crowe Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Settling Defendant in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The

4

Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.  **Binding Effect** – The terms of the Stipulation and of this Final Judgment shall be forever binding on the Settling Parties (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.  **Releases** – The Releases set forth in paragraphs 6.2-6.4 of the Stipulation, together with the definitions contained in section 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)  Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs, on behalf of themselves and the other Releasing Plaintiffs Parties, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against Settling Defendant and the other Released Settling Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any Released Settling Defendant Party.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1.20 of the Stipulation).

(b)  Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Crowe Settlement, Settling Defendant, on behalf of itself and the other

5

Releasing Settling Defendant Parties, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Settling Defendants' Claim against Plaintiffs, the other Released Plaintiffs' Parties, including Plaintiffs' Counsel, and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Defendants' Claims against any of the Released Plaintiffs' Parties, including Plaintiffs' Counsel.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1.20 of the Stipulation).

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Final Judgment.

11.    **<u>Bar Order</u>** – The Court hereby permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting (i) any claims and claims over for contribution or indemnity (or any other claim or claim over for contribution or indemnity however denominated on whatsoever theory), arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or Settlement Class Members arising out of or related to the claims or allegations asserted by Plaintiffs in the Action (collectively, "Barred Claims"), against any Released Settling Defendants' Party, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or in any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

12. **<u>Judgment Reduction</u>** – Any final verdict or judgment obtained by or on behalf of the Settlement Class arising out of the Action against any person or entity subject to the Bar Order shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Released Settling Defendants' Parties for common damages; or (ii) the amount paid by or on behalf of the Released Settling Defendants' Parties to the Settlement Class for common damages.

13. **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **<u>No Admissions</u>** – Neither this Final Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Crowe Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any Released Settling Defendant Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Settling Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Settling Defendant Parties or in any way referred to for any other reason as against any of the Released

7

Settling Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Settling Defendant Parties had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Crowe Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Settling Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Crowe Settlement.

15.    **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties solely for purposes of the administration, interpretation, implementation and enforcement of the Crowe Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel that will be paid from the Settlement Fund;

(d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Final Judgment and shall not affect or delay the Effective Date of the Crowe Settlement.

17.     **Modification of the Agreement of Settlement** – Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Crowe Settlement that: (a) are not materially inconsistent with this Final Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Crowe Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Crowe Settlement.

18.     **Termination of Crowe Settlement** – If the Crowe Settlement is terminated as provided in the Stipulation or the Effective Date of the Crowe Settlement otherwise fails to occur, this Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Final Judgment shall be without prejudice to the rights of the Settling Parties, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

19.     **Entry of Final Judgment** – There is no just reason for delay in the entry of this partial Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: _____, 2022           _____
                                          HON. BRIAN M. COGAN
                                          UNITED STATES DISTRICT JUDGE

10