**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AKAZOO S.A. SECURITIES LITIGATION | Case No. 1:20-cv-01900-BMC <br><br> <u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT WITH CROWE U.K. LLP AND THE PLAN OF ALLOCATION; AND**
**(II) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**
**<u>AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

Lead Plaintiffs Tim Caldwell, Sharon Caldwell, Nikolaos Poulakis, and John Pullen (collectively, "Federal Plaintiffs"), and plaintiffs Eva Pareja and Greg Sweet, plaintiffs in the parallel State Action that was voluntarily dismissed as a part of the Akazoo Settlement[1] (collectively, the "State Plaintiffs" and together with Federal Plaintiffs, "Plaintiffs"), and The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP (collectively, "Class Counsel"), respectfully submit this memorandum in further support of: (1) Plaintiffs' Motion for Final Approval of Class Action Settlement with Crowe U.K. LLP and Plan of Allocation (ECF No. 71, the "Final Approval Motion"); and (2) the Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 73, the "Fee and Expense Motion"). This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there has not been a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, including reimbursement to Plaintiffs, or a single request for exclusion.

## I.   THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A.   The Court-Approved Notice Program

In accordance with the Court's July 25, 2022 Order Preliminarily Approving Partial Class Action Settlement and Providing for Notice (ECF No. 69; the "Preliminary Approval Order"), as of September 20, 2022, the Claims Administrator, Strategic Claims Services ("SCS"), under the

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Partial Settlement, dated July 20, 2022 (ECF No. 66, the "Stipulation") or the Joint Declaration of Phillip Kim and Casey E. Sadler in Support of: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement with Crowe U.K. LLP and Plan of Allocation; and (II) Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 74).  Unless otherwise indicated, all emphasis is added and quotations and citations are omitted.

supervision of Class Counsel, mailed or emailed 3,565 copies of the Postcard Notice to potential Settlement Class Members. *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Suppl. Bravata Decl.") at ¶3, filed concurrently herewith. An additional 1,756 potential Settlement Class Members received notice by nominees that emailed their customers to notify them about the Crowe Settlement and were provided with direct links to the Long Notice and Claim Form on the Settlement webpage (https://www.strategicclaims.net/akazoo). *Id*., at ¶5. In total, 5,321 potential Settlement Class Members have been sent the Postcard Notice or emailed a direct link to the Notice and Claim Form. *Id.*

On August 8, 2022, the Summary Notice was published in *Investor's Business Daily* and transmitted over *GlobeNewswire*. *Id*., at ¶6. Moreover, the Long Notice, Claim Form, Stipulation, and Preliminary Approval Order were posted on the dedicated Settlement webpage. *Id*., at ¶8. The Postcard Notice, Notice, Summary Notice and Settlement webpage all informed Settlement Class Members of the September 7, 2022 deadline for submitting an objection to the Settlement, Plan of Allocation or fee and expense application, or for requesting exclusion from the Settlement Class.[2]

Following this extensive notice program, not a single Settlement Class Member has requested exclusion from the Settlement Class, and there has not been a single objection to the Settlement, the Plan of Allocation, the request for attorneys' fees, the request for reimbursement of expenses, or the request that Plaintiffs be reimbursed for their work litigating this action. *See* Suppl. Bravata Decl. at ¶¶10-11.

---

[2] The Preliminary Approval Order stated that the deadline for requests for exclusion and objections were due twenty-one calendar days before the Settlement Hearing. (ECF No. 69 at ¶¶13, 17).

**B.      The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Request**

Plaintiffs and Class Counsel respectfully submit that the overwhelmingly positive response from the Settlement Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See, e.g.*, *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006) ("Lack of objection is strong evidence of the settlement's fairness."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM)(PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Sturm, Ruger, & Co. Sec. Litig.*, No. 3:09cv1293 (VLB), 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.").[3]

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Signet Jewelers Limited Sec. Litig.*, No. 1:16-cv-06728-CM-SDA, 2020 WL 4196468, at *14 (S.D.N.Y. July 21, 2020) (approving plan of allocation and noting that "no objections to the proposed Plan

---

[3] *See also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 MDL 1484(JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("[T]he minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

3

of Allocation have been received.").

Finally, the absence of any objections from Settlement Class Members to the Fee and Expense Motion, including Plaintiffs' request for reimbursement of their costs and expenses incurred as a direct result of their representation of the Settlement Class pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u–4(a)(4); 15 U.S.C. §77z-1(a)(4)), supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."); *see also Fogarazzo v. Lehman Bros.*, Inc., No. 03 Civ. 5194(SAS), 2011 WL 671745, at \*2 (S.D.N.Y. Feb. 23, 2011) (granting PSLRA awards to four Lead Plaintiffs in the aggregate amount of $32,000 where "[n]o objections to these awards was received from any members of the Class.").

In sum, the universally favorable reaction of the Settlement Class is strong evidence that: (1) the Crowe Settlement is fair, reasonable and adequate and in the best interests of the Settlement Class; (2) the proposed Plan of Allocation of the Settlement proceeds is fair and equitable; and (3) Class Counsel's fee and expense request is reasonable.

## II.     CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiffs and

Class Counsel respectfully request that the Court approve the Crowe Settlement, the Plan of

Allocation, and the request for attorneys' fees and reimbursement of Litigation Expenses.[4]

Dated: September 21, 2022                          Respectfully submitted,

                                                   **THE ROSEN LAW FIRM, P.A.**

                                                   */s/ Phillip Kim*
                                                   Phillip Kim
                                                   Laurence M. Rosen
                                                   Erica L. Stone
                                                   Brent LaPointe
                                                   275 Madison Avenue, 40th Floor
                                                   New York, New York 10016
                                                   Telephone: (212) 686-1060
                                                   Facsimile: (212) 202-3827
                                                   Email:  pkim@rosenlegal.com
                                                   Email:  lrosen@rosenlegal.com
                                                   Email:  estone@rosenlegal.com
                                                   Email:  blapointe@rosenlegal.com

                                                   **GLANCY PRONGAY & MURRAY LLP**
                                                   Casey E. Sadler (admitted *pro hac vice*)
                                                   Joseph Cohen (admitted *pro hac vice*)
                                                   1925 Century Park East, Suite 2100
                                                   Los Angeles, California 90067
                                                   Telephone: (310) 201-9150
                                                   Facsimile: (310) 201-9160
                                                   Email:  csadler@glancylaw.com
                                                   Email:  jcohen@glancylaw.com

                                                   *Class Counsel for the Settlement Class*

---

[4] The Settlement is conditioned on the entry of the [Proposed] Final Order and Partial Judgment, previously submitted to the Court.  *See* Stipulation, ¶¶10.1, 10.3; Ex. B. The [Proposed] Final Order and Partial Judgment, as well as a [Proposed] Order Approving Plan of Allocation of Net Settlement Fund, and a [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2022, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Phillip Kim*