

The Rosen Law Firm
I N V E S T O R   C O U N S E L

                                                                    Phillip Kim
                                                          pkim@rosenlegal.com

September 30, 2022

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201


          Re:   *In re Akazoo S.A. Securities Litigation,* Case No. 1:20-CV-01900-BMC

Dear Judge Cogan:

I provide this letter in further support of the Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Motion") (ECF No. 73).

**The Lodestar Reports Submitted in Support of the Motion Only Included Time After the Resolution of the Akazoo Settlement**[1]

The lodestar reports of Class Counsel submitted in support of the Motion only included time spent *after* the first Akazoo Settlement was finally approved (from September 10, 2021 through August 23, 2022). *See* ECF Nos. 73-1 at page 11; 74 at ¶75; 74-8 at ¶3 and Exhibit A; 74-9 at ¶3 and Exhibit A.

Class Counsel's increased billing rates in the 2022 lodestar reports reflect inflation and the natural increase of rates as counsel become more experienced.[2] For example, Rosen Law associate Erica L. Stone's rate was increased $25, from $675 in 2021 to $700 in 2022.  Another reason why some associates were being billed at higher rates in the Crowe litigation is that the associates working

---

[1] Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation and Agreement of Partial Settlement dated July 20, 2022 (ECF No. 66).

[2] *See In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *15 (S.D.N.Y. Dec. 19, 2014) ("[T]he use of current rates to calculate the lodestar figure has been endorsed repeatedly by the Supreme Court, the Second Circuit and district courts within the Second Circuit as a means of accounting for the delay in payment inherent in class actions and for inflation."); *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989); *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment.").

1

the case are more experienced. Updated lodestar reports that include attorneys' years of experience in each of the two settlements are attached hereto as Exhibit 1.

**Expenses; Document Hosting Expenses**

Class Counsel also seek reimbursement of out-of-pocket litigation expenses incurred exclusively with respect to the litigation against Crowe. The requested expenses were incurred *after* the first Akazoo Settlement was finally approved (from September 10, 2021 through August 23, 2022). *See* ECF Nos. 73-1 at page 23; 74-8, Exhibit B; and 74-9, Exhibit B. None of the requested expenses were previously reimbursed in the initial Akazoo Settlement. Class Counsel is not making or seeking a profit for these expenses – all requests for reimbursement reflect Class Counsel's out-of-pocket costs.

Rosen Law's expense report (ECF No. 74-9, Exhibit B) includes $14,898.25 in document hosting fees. The Court requested counsel submit documentation for this expense. Attached as Exhibit 2 are the invoices Rosen Law received from its vendor, Trustpoint.One, for document hosting services. The first invoice is from January 2022, after the Akazoo Settlement. These expenses reflect competitive market rates for hosting of more than 130 gigabytes of electronic discovery material between late January and July of 2022—all incurred after the Court's September 9, 2021 Order finally approving the Akazoo Settlement.

Class Counsel stands ready to supply the Court with any further information it needs to rule on the Motion.

 Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

/s/ Phillip Kim
Phillip Kim

*Class Counsel for Plaintiffs*

cc: All counsel (via ECF)