**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AKAZOO S.A. SECURITIES LITIGATION | Case No.: 1:20-cv-01900-BMC<br><br>CLASS ACTION |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Lead Plaintiffs Tim Caldwell, Sharon Caldwell, Nikolaos Poulakis, and John Pullen and plaintiffs Eva Pareja and Greg Sweet (collectively, "Plaintiffs"), through Class Counsel,[1] respectfully seek distribution of the Net Settlement Fund to the Authorized Claimants of the partial settlement with Defendants Akazoo S.A., the Settling Old Akazoo Defendants, the Akazoo Director Defendants, the MMAC Director Defendants, the Macquarie Settling Parties, and the Tosca Settling Parties.[2]

The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration"), filed concurrently herewith.

## I.    INTRODUCTION

On April 28, 2021, the Court entered the Order Preliminarily Approving Partial Class Action Settlement and Providing for Notice ("Preliminary Approval Order") (ECF No. 36).

On September 9, 2021, the Court entered the Final Order and Partial Judgment (ECF No. 51), as well as the Order Approving Plan of Allocation of Net Settlement Fund (ECF No. 52).

The Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), has advised Class Counsel that it has completed all analyses and accounting procedures in connection with the submitted claims for this partial settlement and finalized its determination of which claims are authorized and which are ineligible. Bravata Declaration ¶¶6-7. Plaintiffs respectfully request that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Partial Settlement, dated April 22, 2021 (ECF No. 32).

[2] A subsequent motion will be filed requesting distribution of the net settlement fund from the partial settlement with Crowe, U.K., LLP ("Crowe") when the claims administration process related thereto is complete.

identified in Exhibits B-1 and B-2 to the Bravata Declaration.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, all claims were to be submitted to the Claims Administrator, online or postmarked no later than September 23, 2021. Preliminary Approval Order ¶9. The Claims Administrator has now finalized its determination of which claims are authorized and which are ineligible. Bravata Declaration ¶¶6-7.

### A.    Properly Documented Claims

SCS identified 323 properly documented claims. Bravata Declaration ¶7(a). Of these, 313 claims were timely (*i.e.*, received on or before September 23, 2021), and 10 claims were untimely, but otherwise valid and received before July 24, 2022 ("Late But Otherwise Valid Claims").[3] *Id*. These valid claims represent total Recognized Claims of $1,106,334.41 for Section 10(b) Claims, $3,288,709.62 for Section 14(a) Claims, and $8,984,597.66 for Section 11 Claims. *Id.*

To enable as many Settlement Class Members as possible to participate, Plaintiffs respectfully request that this Court accept all of the properly documented claims, including the Late But Otherwise Valid Claims, because these claims have not caused a delay to the distribution of the Net Settlement Fund to the Settlement Class, or otherwise prejudiced any Authorized Claimant as claims were still being processed. *Id.*; *see also In re Authentidate Holding Corp. Sec. Litig.*, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims"); *In re Crazy Eddie Sec. Litig.,* 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (allowing late, but otherwise valid, claims to participate in the distribution of settlement funds); *In re Valuevision Int'l Inc. Sec. Litig.*, 1997 WL 786457, at *1 (E.D. Pa. Dec. 1, 1997) (allowing claims submitted

---

[3] SCS used July 24, 2022 as the end date for accepting claims for this partial Settlement as it is the day before the Court entered the order preliminarily approving the partial settlement with Crowe on July 25, 2022 (ECF No. 69).

after claims deadline because there was no delay in claims administration process); *In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"). Accordingly, Plaintiffs respectfully request that the Court approve the 323 properly documented claims as listed in Exhibits B-1 and B-2 of the Bravata Declaration.

The Court should also order that no claims received after July 24, 2022, or any responses to deficiency and/or rejection notices received after September 25, 2023, be included in the distribution. SCS has not processed any claims or responses to rejections received after these dates due to extreme lateness and because their inclusion would have delayed the finalization of the administration. Bravata Declaration ¶6 n.2. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See In re Citigroup Sec. Litig.*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated.'"); *Hartman v. Powell*, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action.").

### B. Deficient and Ineligible Claims

#### 1. Inadequately Documented Claims

SCS initially identified that 36 potential claimants inadequately documented their claims. Bravata Declaration ¶7(b). For each such inadequately documented claim it received, SCS sent the potential claimants inadequacy notices, advising them of the deficiency and affording them

the opportunity to cure the deficiency. *Id.*; *see also* Ex. C to Bravata Declaration (sample inadequacy notice). Of the 36 claims SCS originally identified as deficient, 15 potential claimants have successfully cured the deficiencies. SCS now includes those Settlement Class Members as Authorized Claimants. *Id.* Each of the remaining 21 deficient claimants either failed to respond to the deficiency notice SCS sent or responded with inadequate documentation. *Id.* SCS sent a rejection notice to these inadequate claimants, explaining the reason(s) for their rejection. *Id.* To date, none of these 21 inadequate claimants has objected to or contested SCS's determination. *Id.* Accordingly, Plaintiffs respectfully request that the Court reject the 21 inadequately documented claimants listed on Exhibit D of the Bravata Declaration.

### 2.    Claims Rejected for Reasons Other than Inadequate Documentation

SCS identified 189 claims that it has recommended for rejection for reasons other than inadequate documentation. Bravata Declaration ¶7(c). Included in this category are: (i) claims with no Recognized Losses; (ii) duplicate claims filed; (iii) claims with common stock of Akazoo that were not purchased, but were received or granted by gift, inheritance, or operation of law; (iv) claims with shares sold short; (v) claims filed by an excluded party; (vi) claims filed with securities other than Akazoo common stock; (vii) claims withdrawn by the filing entity; (viii) claims with common stock of Akazoo purchased outside of the Settlement Class Period; and (ix) fraudulent claims. *Id.* SCS sent these claimants rejection notices advising them of SCS's determination. *Id.*, Exhibit F (sample ineligibility notice). To date, none of these 189 ineligible claimants has objected to or contested SCS's determination. *Id.* Accordingly, Plaintiffs respectfully request that the Court reject the 189 ineligible claimants listed on Exhibit E of the Bravata Declaration.

4

## III.    DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more (the "Initial Distribution"). Bravata Declaration ¶¶9(a) and (c). Based on the substantial experience of Class Counsel and SCS in similar distributions, it can be expected that a certain number of the payments to be distributed to Class Members who filed valid Claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Class Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id*. ¶9(b).

After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the Initial Distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such re-distribution. *Id.* ¶9(c).

Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is

5

determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, Plaintiffs respectfully request that the Court order the remaining balance contributed to the "Public Justice [Foundation], a non-sectarian, not-for-profit organization devoted to, among other things, investor education and advocacy." *In re Loop Industries, Inc. Sec. Litig.*, 2023 WL 6458976, at *2 (S.D.N.Y. Oct. 4, 2023). Similar distribution plans have been repeatedly approved by courts in other securities class actions. *See e.g.*, *id.*; *In re Patriot National, Inc. Sec. Litig,*, 2021 WL 1040462, at *1-2 (S.D.N.Y. Mar. 18, 2021); *In re Forterra Inc. Sec. Litig.*, 2021 WL 3464255, at *1-2 (N.D. Tex. Aug. 4, 2021).

## IV.     RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request the Court to release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Class Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them pursuant to the terms of the Distribution Order. *See In*

6

*re Patriot National*, 2021 WL 1040462, at *2; *In re Merrill Lynch & Co., Inc. Sec., Derivative and ERISA Litig.*, 2010 WL 11595033 at *2 (S.D.N.Y. Dec. 23, 2010).

## V.    RECORDS RETENTION AND DESTRUCTION

Plaintiffs respectfully requests the Court order that one year after the second distribution, if that occurs, or, if there is no second distribution, two years after the Initial Distribution, SCS may destroy the paper copies of the claims and all supporting documentation, and one year after all funds have been distributed, SCS may destroy electronic copies of the same.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter the Class Distribution Order submitted herewith, so that Settlement Class Members who submitted valid claims may receive their *pro rata* share of the Net Settlement Fund.

Dated: February 5, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Erica L. Stone
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email:  pkim@rosenlegal.com
Email:  estone@rosenlegal.com

**GLANCY PRONGAY & MURRAY LLP**
Casey E. Sadler (admitted *pro hac vice*)
Joseph Cohen (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  csadler@glancylaw.com
Email:  jcohen@glancylaw.com

*Class Counsel for the Settlement Class*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2024, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Phillip Kim*